Louis B. Heller, J.
In this action brought on March 26, 1965 by a seaman against the owner of a boat to recover for injuries sustained thereon on October 16, 1956, the defendant Cities Service Oil Company (Del.) (hereinafter referred to as defendant) moves to dismiss the complaint and for other relief.
The present action was instituted after a prior Federal court action had been dismissed “ without prejudice ” for failure to comply with an order of the Federal court with respect to a pretrial procedural matter, i.e., which directed plaintiff to specify “ precisely ” those records of the defendant required by the plaintiff at the trial of the action. Plaintiff’s time to appeal from the affirmance of that order expired January 20, 1965.
Also, a second Federal court action (in the Eastern District of New York) for the same causes herein was thereafter instituted on April 20,1965.
By cross motion plaintiff seeks a consolidation of the instant action with a second New York action, also thereafter brought by plaintiff, as well as other relief.
By his complaint plaintiff has asserted a cause of action for negligence under the Jones Act (U. S. Code, tit. 46, § 688) and, under the general maritime law, separate causes of action for unseaworthiness and for maintenance and care, three causes in all.
As grounds for seeking the dismissal of the complaint defendant asserts the existence of another pending action (i.e., the second Federal court suit) between the same parties and for the same occurrence (CPLR 3211, subd. [a], par. 4) and, further, that the action is time-barred (CPLR 3211, subd. [a], par. 5). Also in the alternative, defendant asks for the dis *1089 missal of the complaint as to all the other named defendants, other than the moving defendant.
Under the Jones Act an action grounded in negligence must be instituted within three years from the day the cause of action accrued (U. S. Code, tit. 46, § 688, and tit. 45, § 56).
The effect of the New York savings clause (CPLR 205) is of critical import to a determination herein.
The Supreme Court of the United States has recently noted that the period of limitation fixed by Congress with respect to a newly created cause of action constitutes a “ ‘ material element in [a] uniformity of operation ’ which Congress would not wish ‘ to be destroyed by the varying provisions of the state statutes of limitation.’ ” (Burnett v. New York Cent. R. R. Co., 380 U. S. 424, 433.)
The court in Burnett went on to hold that the savings provision of a State statute was inapplicable to toll the Statute of Limitations provided by Congress.
The cause of action stated herein for negligence under the Jones Act was concededly not brought within the three-year period of limitations therein provided. Accordingly, since the limitation period for that cause could not have been tolled under the New York Statute of Limitations (Burnett v. New York Cent. R. R. Co., supra), that claim must be deemed barred. Whether the plaintiff’s remaining two causes (i.e., unseaworthiness and maintenance) were timely brought is determinable under admiralty law by application of the principle of laches which, among other things, takes into consideration the relevant State Statute of Limitations and savings clause (Larios v. Victory Carriers, 316 F. 2d 63).
Under the doctrine of laches the delay necessary to defeat plaintiff’s suit must be determined by consideration of the “ ‘ peculiar equitable circumstances of that case. ’ ” (Czaplicki v. Hoegh Silvercloud, 351 U. S. 525, 533.) It is the rule that where the delay in seeking the remedy is excusable, and no prejudice to the defendant has ensued from the mere passage of time, “ there should be no bar to relief.” (Gardner v. Panama R. R. Co., 342 U. S. 29, 31.)
The claim for recovery on breach of warranty of seaworthiness is a species of liability without fault (Le Gate v. The Panamolga, 221 F. 2d 689, 691). The claim for maintenance and cure is ‘ ‘ implied in law as a contractual obligation arising out of the nature of the employment ”. (Pacific Co. v. Peterson, 278 U. S. 130, 138.)
Giving due consideration to the six-year Statute of Limitations in effect in New York at the time the action accrued in *1090 1956 (i.e., to recover damages for personal injury where no statute has been expressly provided; Civ. Prac. Act, § 48, subd. 3), the tolling of the period of limitations during the pendency of the first Federal court action, the further tolling of the period of limitations by the savings clause (CPLR 205), and all the facts respecting plaintiff’s prosecution of his cause since accrual, the court must conclude that the delay in bringing the instant action is excusable and, there being absent any facts showing that prejudice resulted to the defendant as a result of the delay, the defendant’s application to dismiss the causes as time-barred must be denied.
The court has considered defendant’s further contention that the statutory savings clause should not be applied in the determination of the question of laches because of plaintiff’s purported ‘ ‘ neglect to prosecute ’ ’ the prior action, as provided in CPLR 205. Several facts are here pertinent. It cannot be disputed that the dismissal of the prior action was not on the merits. From the evidence appearing in the record it must be presumed that the plaintiff had been ready to proceed to trial in 1963, long before the making of the pretrial order. When the prior action was 11 dismissed * * * as having been abandoned ’ ’ and the words ‘ ‘ without prejudice ’ ’ were thereafter inserted to follow the word “ dismissed,” it could be assumed that the court wished to preserve whatever right plaintiff had to pursue his remedy further.
In applying the savings clause the Court of Appeals, mindful of the “ broad and liberal purpose ” of the statute, was careful not to construe it narrowly. (Gaines v. City of New York, 215 N. Y. 533, 539; see, also, 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 205.01.)
Viewing all of plaintiff’s activities with respect to the prosecution of his cause, including his appeal from the dismissal order, the court in its discretion is unable to reach the conclusion, sought by the defendant, that the dismissal of the prior action resulted from a neglect to prosecute as contemplated by CPLR 205.
Defendant seeks to dismiss the plaintiff’s complaint on the asserted ground that there is another action pending. Unless the other action was actually pending at the time this action was commenced (i.e., was instituted prior in time to the instant action), the relief sought must be denied (Avery v. Title Guar. & Trust Co., 230 App. Div. 519, 521; see, also, 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3211.27). It is not disputed herein that the other action (the second Federal court suit) was brought 25 days later. This application is denied.
*1091 On the defendant’s assertion that it, and it only, is the 11 true and proper party-defendant,” the moving defendant asks that the complaint be dismissed as to all the other named defendants. In the court’s view a determination that the moving defendant is the “ only” true and proper party defendant may not be made upon the record before it.
Plaintiff has cross-moved to consolidate this action with his second New York action, assertedly for the same causes, which he has instituted against four of the named defendants herein by service of a summons upon the Secretary of State. Since plaintiff has been confronted with the problem of ascertaining who are the proper defendants, and to obtain jurisdiction over them, the court is not inclined to disturb whatever basis for jurisdiction has been established over the defendants, so that plaintiff may proceed against the defendants who might subsequently be determined to be the proper defendants. The plaintiff’s motion to consolidate is granted.
Plaintiff’s further application for an inquest is denied. (CPLR 3211, subd. [f].)
To summarize, except for the granting of defendant’s motion to dismiss the negligence cause of action under the Jones Act and the granting of plaintiff’s cross motion to consolidate, both the defendant’s motion and the plaintiff’s cross motion are in all other respects denied.