Liston F. Coon, J.
Defendant has moved to dismiss the summons and complaint in each of the above actions.
It appears that sometime prior to March 27, 1967, defendant was served with a summons in each action for what now appears to be suits in libel. The causes of action purportedly arose on or about November 6, 1966. A demand for complaint was made on behalf of the defendant in each action but no complaints were served within the statutory period.
By order to show cause defendant moved at Motion Term in Supreme Court, Broome County, on April 21, 1967, to dismiss Action No. 1 for failure to serve a timely complaint (a complaint had been received prior to the order to show cause) and to dismiss Action No. 2 for failure to serve a complaint.
By orders dated April 24,1967, Mr. Justice Robert W. Sloan, presiding at Motion Term, dismissed each action. Each order recites the motion as having been brought pursuant to CPLR 3012 (subd. [b]) and the decretal paragraph recites in each *112 case as follows: “ ordered, that the motion be and hereby is in all respects granted, and that judgment be entered in favor of the defendant herein, dismissing the action brought by the plaintiff, without prejudice. Plaintiff may open this default judgment upon'due and proper application to the Court. ”
Plaintiffs sought informally to have defendant’s counsel accept the complaints but without success. On, May 22, 1967, new and practically identical summonses and complaints were served upon the defendant.
Defendant’s position is that these pleadings should be dismissed and that plaintiffs’ recourse is to move to open the denominated default judgments pursuant to CPLR 5015 and to do so they must show that the default was excusable and that the causes of action are meritorious. The position of the plaintiffs is that the actions were dismissed without prejudice and that the new actions being brought within the permissible time period are proper. (CPLR 205, subd. [a].)
The disposal of the issues here requires they be considered within the context of CPLR 205 (subd. [a]), 3012 (subd. [b]) and 3216.
Conceding that plaintiffs should have more properly proceeded by seeking to open their defaults (Salinger v. Hollander, 19 A D 2d 559); was this their sole remedy to the exclusion nf any other? CPLR 205 (subd. [a]) provides that a plaintiff whose action has been terminated in any manner other than by a voluntary discontinuance, a dismissal for failure to. prosecute or a final judgment on the merits, is afforded a saving period of six months in which to commence a new action upon the same cause of action. This the plaintiffs elected to do, well within the extension period and while the Statute of Limitations was still running.
Unless the actions were terminated on one of the grounds foreclosing the imposition of CPLR 205 (subd. [a]) relief, it would appear that such an election is proper as an alternative to CPLR 5015 (subd. [a]).
The reference to the latter rule in the ordering clauses of the dismissal orders is not construed as a matter of limitation.
However one need approach the problem by. determining Avhether or not a dismissal under CPLR 3012 (subd. [b]) for failure to file a timely complaint is equivalent to a dismissal for failure to prosecute under CPLR 3216. Case law Avould indicate that it is. (See, e.g., Houle v. Wilde, 22 A D 2d 727.) There plaintiff was denied the right to open a default which had existed for over three years. Similar results obtained in Burlce v. City *113 of New York (18 A D 2d 898) and Cronin v. City of New York (18 A D 2d 995) there the delays were 3 years and 20 months respectively.
On the other hand there is support for the principle that the consequences of short delay need not be that rigorous. In Weinstein-Korn-Miller (N. Y. Civ. Prac., vol. 3, par. 3012.15) it is stated, “It is doubtful, however, that every dismissal for failure to comply with a demand under CPLR 3012(b) should constitute a failure to prosecute within the meaning of CPLR 205. When the period of time that has lapsed between the demand and a successful motion to dismiss has been considerable, this should constitute a failure to prosecute. The result may be different, however, if the delay is for a short period. ’ ’
In the present case the delay on the part of the plaintiffs was of short duration. The record presently before the court does not indicate when the original summonses were served but it is known that the causes of action purportedly arose on November 6, 1966. It is manifest that as to Action No. 1 a complaint had been served and was in the hands of defendant’s counsel when the original order to show cause was procured on March 31, 1967. The complaint'in Action No. 2 was served shortly thereafter. There is no pattern of dilatoriness or refusal to proceed apparent to the .court which would indicate, on the facts here present, a neglect to prosecute.
It Avould be helpful if it Avere possible to determine the intention of the Justice in dismissing the original actions. (See Schuman v. Hertz Corp., 17 N Y 2d 604). Unfortunately, no such subjective probe is here possible. It is to be observed that the dismissal orders Avere “without prejudice ”. Where an action Avas dismissed on grounds of 11 abandonment ’ ’ but ‘ ‘ without prejudice ” a neAV action under CPLR 205 was permitted. (Izquierdo v. Cities Serv. Oil Co., 47 Misc 2d 1087.)
Based upon the record and the facts presently before the court, I find that the defalcation of the plaintiffs was minor and of short duration, and that the prior dismissals were not on the merits. The court finds that the dismissals for failure to serve complaints were not coextensive with a neglect to prosecute. The recommencement of the actions pursuant to CPLR 205 (subd. [a]) Avas proper.
Defendant’s motion as to each action is denied, without costs. Submit order. Defendant shall have 20 days from notice of entry of the order herein to serve answers.