■    EDWARD J. JOHNSON, Respondent, v. GLENS FALLS HOSPITAL et al., Appellants.— Appeal from an order of the Supreme Court, entered July 14, 1971 in Saratoga County, which denied defendants' motions to dismiss the action for failure to serve a complaint and directed plaintiff to serve a complaint within 20 days after service of a copy of the order. This is an action for damages for alleged medical malpractice of defendant Richard A. Hughes and negligence of Glens Falls Hospital in relation to an esophagoscopy performed upon plaintiff on October 19, 1965. The action was commenced on January 23, 1967. Notices of appearance were received by February 2, 1967, and subsequently the attorney for plaintiff requested an extension until April 1, 1967 to serve his complaint. On April 22, 1971, more than four years thereafter, defendants' attorneys were sent a letter in which plaintiff consented to a substitution of attorneys, and on the following day a copy of the complaint was mailed to defendants, both of whom refused to accept the pleading. Motions to dismiss the action were made (CPLR 3012, subd. [b]) and denied (CPLR 2004). This is a case of prolonged and inordinate delay. Nothing was done by or on behalf of plaintiff for 50 months after service of summonses on defendants. The excuses offered by plaintiff's attorney are the complexity and awesomely busy nature of the original attorney's practice, the latter's community involvement, and the unavailability of a surgeon for two years whose explanation of the facts was allegedly necessary to prepare a complaint. Law office delays or failures are generally unacceptable excuses for prolonged delays on motions to dismiss for want of prosecution (CPLR 3216; *Sortino* v. *Fisher*, 20 A D 2d 25), and the same rules apply to a motion to dismiss for failure to serve a complaint (CPLR 3012, subd. [b]; *Sinder* v. *345 Cypress Realty Corp.*, 34 A D 2d 777; *Wade* v. *Miele*, 34 A D 2d 656; *Kroner* v. *Flora*, 35 A D 2d 835; *Kriegsman* v. *Rosenfeld*, 35 A D 2d 693, app. dsmd. 29 N Y 2d 633; *Greenwald* v. *Zyvith*, 23 A D 2d 201; *Owczarkowski* v. *Pawlicki*, 35 A D 2d 733; *Pellerin* v. *Groveville Corp.*, 34 A D 2d 650). While plaintiff has presented what could be termed a meritorious claim, he has not justified or adequately explained the excessive delay (*Houle* v. *Wilde*, 22 A D 2d 727 [15 months]; *Waldron* v. *Ward*, 24 A D 2d 470 [40 months]; *Graziano* v. *Albanese*, 24 A D 712 [36 months]; *Powell* v. *Becker Truck Renting Corp.*, 20 A D 2d 573 [6 months]; *Harris* v. *Hampton Hotel Corp.*, 36 A D 2d 999 [18 months]; *Pellerin* v. *Groveville, supra* [18 months]; *Wemple* v. *Cadoret*, 29 A D 2d 1033 [12 months]). The denial of the motions to dismiss was an improvident exercise of discretion. Order reversed, on the law and the facts, and motions granted, without costs. Greenblott, J. P., Cooke, Simons, Kane and Reynolds, JJ., concur.