HARRY WRIGHT, as Administrator of the Estate of CECELIA M. WRIGHT, Deceased, Appellant, *v.* MARION J. FARLIN et al., Respondents.

Third Department, July 12, 1973.

*Alford & Lynes* (*David B. Alford* of counsel), for appellant.

*Martin, Clearwater & Bell* (*John Ganotis* of counsel), for Marion J. Farlin and another, respondents.

*Hubert D. Miles* for N. Venugopal and another, respondents.

Cooke, J.  This is an appeal from an order of the Supreme Court at Special Term, entered October 4, 1971 in Delaware County, which granted defendants' motion for summary judgment and dismissal of the summons and complaint and denied plaintiff's cross motion for summary judgment.

Plaintiff commenced this action for medical malpractice and wrongful death by service of summons on two defendants in December, 1969, and two in January, 1970, at which time all of the defendants except Venugopal appeared and demanded a complaint.  In March, 1971, the three appearing defendants each served notice of motion to dismiss the action pursuant to CPLR 3012.  An order was obtained on May 28, 1971 " dismissing the Complaint in this action ".

A second action was commenced by service of summons on defendants Venugopal and Ellis Hospital in June, 1971, and on defendants Cassidy and Farlin in July, 1971.  The former two appeared and demanded a complaint in July, and the latter two followed suit in August.  Complaints were served on Venugopal and Ellis Hospital, both of whom duly answered.  Farlin and Cassidy did not answer but moved for summary judgment and dismissal of the summons and complaint, which course of action was then joined by defendants Venugopal and Ellis Hospital.  Plaintiff appeals from the granting of defendants' motion and the denial of his cross motion for summary judgment.

Subdivision (a) of CPLR 205 provides, in pertinent part: " If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a dismissal of

the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff   *   *   *   may commence a new action upon the same cause of action within six months after the termination."

The question we must therefore determine is whether a dismissal of the first action, pursuant to subdivision (b) of CPLR 3012, for failure to serve a complaint constitutes "a dismissal of the complaint for neglect to prosecute the action" under the terms of CPLR 205. A review of the evolution of the case law in this area compels the conclusion that it does.

In a case interpreting similar provisions of the former Civil Practice Act (*Loomis* v. *Girard Fire & Mar. Ins. Co.*, 256 App. Div. 443), we equated, in substance, a dismissal of a complaint for failure of service with neglect to prosecute the action. The cases decided under the CPLR have accepted, at last implicitly, this line of reasoning (see, e.g., *Johnson* v. *Glens Falls Hosp.*, 39 A D 2d 802). The rule holding a subdivision (b) of CPLR 3012 dismissal to be one for neglect to prosecute emerging independently from that section of the CPLR is grounded in logic and has been favorably commented upon: "By mere analysis, the failure to serve a complaint is indeed a failure to prosecute the action. Service of the complaint is an opening step in the action. Omission to serve it is omission to prosecute at the very outset, which might be treated even more severely than omission occurring at later stages" (Supplementary Practice Commentary by David D. Siegel, McKinney's Cons. Laws of N. Y., Book 7B, CPLR 3012, 1965 Supp., p. 99). We therefore hold that the granting of the motion for summary judgment and the dismissal of the complaint with respect to defendants Farlin, Cassidy, and Ellis Hospital was correct.

The situation with respect to defendant Venugopal is somewhat different. In the first action, Venugopal did not appear and did not move to dismiss the complaint. Consequently, Venugopal is not entitled to a dismissal of the complaint herein.

The order should be modified, on the law and the facts, so as to deny the motion for summary judgment and for dismissal of the summons and complaint with respect to defendant Venugopal, and, as so modified, affirmed, without costs.

STALEY, JR., J. P., SWEENEY, KANE and MAIN, JJ., concur.

Order modified, on the law and the facts, so as to deny the motion for summary judgment and for dismissal of the summons and complaint with respect to defendant Venugopal, and, as so modified, affirmed, without costs.