■ CATHERINE JONES, Respondent, v WILLIAM BROWN et al., Defendants, and BROOKHAVEN MEMORIAL HOSPITAL, Appellant.—In a medical malpractice action, defendant Brookhaven Memorial Hospital appeals from an order of the Supreme Court, Suffolk County, dated January 4, 1979, which denied its motion to dismiss the complaint pursuant to CPLR 3211 as being time barred or for summary judgment on the same ground. Order affirmed, with $50 costs and disbursements. An action based upon the same acts as this action had previously been commenced by the plaintiff by service of a summons without a complaint. The plaintiff's case was eventually dismissed by Special Term for failure to serve a complaint. Said dismissal, however, was granted "without prejudice to the bringing of a new action." At the time of that dismissal, the period of limitations for the bringing of a new action had already expired. As Special Term here correctly noted, "At *that* time the only way a new action might have been timely commenced was pursuant to CPLR 205(a)." Although CPLR 205 (subd [a]) expressly excepts a dismissal for neglect to prosecute from those cases to which its savings provision applies, the exception is not applicable where, as here, it appears that the court did not intend the dismissal to be for neglect to prosecute. Plaintiff renewed her suit within the period delineated by CPLR 205 and the motion to dismiss the action, or for summary judgment, on the ground that the action was time barred was properly denied. Titone, J. P., Shapiro and Cohalan, JJ., concur.

Suozzi, J., dissents and votes to reverse the order and grant the defendant hospital's motion to dismiss the complaint as time barred, with the following memorandum: By affirming the denial of the defendant hospital's motion to dismiss the plaintiff's complaint as time barred, the majority necessarily holds that (1) a dismissal of an action pursuant to CPLR 3012 (subd [b]) for failure to serve a complaint (the action having been timely commenced by service of a summons only) does not constitute a dismissal "for neglect to prosecute the action" within CPLR 205 (subd [a]) and (2) plaintiff had the right to "commence a new action upon the same [cause of action] within six months" after the dismissal pursuant to CPLR 205 (subd [a]), despite the fact that the Statute of Limitations had run. In my view,

898

such a holding is contrary to the leading authorities which have interpreted CPLR 205.

## FACTS

After an injury to her right lower extremity, plaintiff came under the care of the defendant hospital for the period commencing June 4, 1974 and terminating October 3, 1974. Plaintiff instituted a malpractice action against the hospital by the service of a summons only on May 3, 1977. The action was timely commenced, since the then applicable three-year Statute of Limitations did not expire until three years after the final date of treatment by Brookhaven Memorial Hospital, i.e., October 3, 1977. Plaintiff agreed to a stipulation extending appellant's time to appear and answer until June 1, 1977. On June 1, 1977 the hospital served its notice of appearance and demanded service of the complaint from plaintiff. On August 29, 1977 the hospital agreed to extend plaintiff's time for service of her complaint. After plaintiff's time for service of the complaint, as extended, expired, appellant moved pursuant to CPLR 3012 (subd [b]) to dismiss the action. In opposition to that motion, plaintiff simply indicated that a physical examination had been conducted four weeks earlier and that a promised detailed medical report which was necessary to prepare the complaint had not been forthcoming. On December 5, 1977 Special Term granted the motion to dismiss "without prejudice to the bringing of a new action." On April 13, 1978 plaintiff commenced this action by service of a new summons and verified complaint upon the hospital, appellant served a timely answer wherein it raised the affirmative defense that the action was time barred by the Statute of Limitations. Thereafter, it moved to dismiss the complaint on that ground. In denying the motion to dismiss the plaintiff's complaint as time barred, Special Term, in its order, held: "The order * * * dated December 5, 1977, provides that the action is dismissed, 'without prejudice to the bringing of a new action.' At *that* time the only way a new action might have been timely commenced was pursuant to CPLR 205(a). This instant action was timely commenced pursuant to that section and the order of December 5, 1977, which is the law of the case." It is from this order only that the defendant hospital appeals.

## THE LAW

CPLR 205 (subd [a]) provides, in pertinent part: "New action by plaintiff. If an action is timely commenced and is terminated in any other manner than by a * * * dismissal of the complaint for neglect to prosecute the action * * * the plaintiff * * * may commence a new action upon the same transaction or occurrence * * * within six months after the termination". In interpreting this section of the CPLR, appellate court holdings have clearly indicated that a dismissal for failure to serve a complaint constitutes a "neglect to prosecute the action" within CPLR 205 (subd [a]) and that such a dismissal precludes the commencement of a new action pursuant to CPLR 205 (subd [a]). Thus, in *Loomis v Girard Fire & Mar. Ins. Co.* (256 App Div 443), which was decided pursuant to section 23 of the Civil Practice Act (the predecessor statute of CPLR 205 [subd a], which differed from the latter only insofar as it provided a one-year extension), plaintiffs timely commenced an action on September 30, 1933 by service of a summons alone. The action was brought on a fire insurance policy for a loss which occurred on October 4, 1932. On June 19, 1936 the action was dismissed because of plaintiffs' failure to serve their complaint. Thereafter, plaintiffs instituted a new action by service of a summons and complaint on June 11, 1937. Defendant

moved for summary judgment arguing that the Statute of Limitations had run. In granting the motion, the court stated *(supra,* pp 443-444): "The order entered in the former action stated that the action was dismissed. It was in substance a dismissal of the complaint for failure of service * * * as well as neglect to prosecute the action. Consequently the Statute * * * does not now help the appellants for one of the exceptions to the right to commence a new action for the same cause after the expiration of the time limited therefor and within one year after the termination of the prior action is a dismissal of the complaint for failure to prosecute the action." Although *Loomis* was decided under the Civil Practice Act, a similar holding was reached under CPLR 205 in *Wright v Farlin* (42 AD2d 141). In *Wright,* the Appellate Division, Third Department, held *(supra,* p 143): "In a case interpreting similar provisions of the former Civil Practice Act *(Loomis v. Girard Fire & Mar. Ins. Co.,* 256 App. Div. 443), we equated, in substance, a dismissal of a complaint for failure of service with neglect to prosecute the action. The cases decided under the CPLR have accepted, at last *[sic]* implicitly, this line of reasoning (see, e.g., *Johnson v. Glens Falls Hosp.,* 39 A D 2d 802). The rule holding a subdivision (b) of CPLR 3012 dismissal to be one for neglect to prosecute emerging independently from that section of the CPLR is grounded in logic and has been favorably commented upon: 'By mere analysis, the failure to serve a complaint is indeed a failure to prosecute the action. Service of the complaint is an opening step in the action. Omission to serve it is omission to prosecute at the very outset, which might be treated even more severely than omission occurring at later stages' (Supplementary Practice Commentary by David D. Siegel, Mc-Kinney's Cons. Laws of N. Y., Book 7B, CPLR 3012, 1965 Supp., p. 99). We therefore hold that the granting of the motion for summary judgment and the dismissal of the complaint with respect to defendants Farlin, Cassidy, and Ellis Hospital was correct." In opposition to these clear precedents, plaintiff argues that the case at bar is distinguishable from *Loomis* and *Wright* in one significant respect, i.e., that the dismissal herein was granted without prejudice to the bringing of a new action, whereas in *Wright* and *Loomis* there was merely an outright dismissal. According to plaintiff, this language indicated that Special Term did not intend that the dismissal be considered a dismissal "for neglect to prosecute" and that the court's intention governs. In support of this argument plaintiff cites *Schuman v Hertz Corp.* (17 NY2d 604) and *Izquierdo v Cities Serv. Oil Co. (Pa.)* (47 Misc 2d 1087). In my view, the plaintiff's reasoning is incorrect and the cases cited in support of her argument are inapposite. In *Schuman,* the trial court dismissed the complaint when plaintiff's counsel declined to pick a jury, but indicated that the dismissal "would not be the end of the lawsuit" *(supra,* p 605) since the case could thereafter be "restored" within one year under section 23 of the Civil Practice Act (now six months under CPLR 205). Under these circumstances, the Court of Appeals stated *(supra,* p 605): "The record before us indicates that the dismissal of the original suit was not intended by the Justice presiding to be a dismissal for neglect to prosecute." In *Izquierdo,* a Federal action was brought by a seaman against a boat owner to recover damages for personal injuries. The case was dismissed by the Federal court "without prejudice" based on plaintiff's failure to comply with an order directing him to specify precisely certain records of defendant which plaintiff required at the trial. In holding that the savings clause of CPLR 205 applied and that defendant's motion to dismiss the action as time barred should be denied, the court stated *(supra,* p 1090): "The court has considered defendant's further contention that the statutory savings clause

should not be applied in the determination of the question of laches because of plaintiff's purported 'neglect to prosecute' the prior action, as provided in CPLR 205. Several facts are here pertinent. It cannot be disputed that the dismissal of the prior action was not on the merits. From the evidence appearing in the record it must be presumed that the plaintiff had been ready to proceed to trial in 1963, long before the making of the pretrial order. When the prior action was 'dismissed * * * as having been abandoned' and the words 'without prejudice' were thereafter inserted to follow the word 'dismissed,' it could be assumed that the court wished to preserve whatever right plaintiff had to pursue his remedy further." In both of these cases, the failure of the plaintiff to act was with respect to a procedural matter which arose after the action had been commenced. Accordingly, it was appropriate to look at the intent of the court which dismissed the action (which was manifest by the words "without prejudice") to determine if the dismissal was truly one for "neglect to prosecute". In neither of those cases did plaintiff's conduct rise to the much more serious level of failing to serve a complaint upon demand, which is an opening step in any action and whose omission must be treated "more severely than omission occurring at later stages" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3012:13, p 591). In contrast to *Schuman* and *Izquierdo,* the case at bar clearly involved a dismissal for failure to serve a complaint. The dismissal was perfectly proper since plaintiff's opposition to appellant's motion was insufficient (see *Johnson v Glens Falls Hosp.,* 39 AD2d 802) and the dismissal was one for neglect to prosecute an action under CPLR 205 (see *Loomis v Girard Fire & Mar. Ins. Co.,* 256 App Div 443, *supra; Wright v Farlin,* 42 AD2d 141, *supra).* Under these circumstances, the mere fact that the words "without prejudice" were used, cannot block the application of the statute. As Professor McLaughlin notes in his commentary to this section (McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 205:5, p 198): "It is, of course, not suggested that plaintiff's right to sue again is guaranteed every time the dismissing judge adds the words 'without prejudice' to the order, for in a given case, a dismissal without prejudice may be an abuse of discretion." In the case at bar, the insertion of the words "without prejudice" in the dismissal order, was at the very least an abuse of discretion, if not patently improper. Since the doctrine of law of the case which was relied on by the Special Term is not binding upon this appellate court, I dissent and vote to reverse the order appealed from and grant defendant's motion to dismiss the complaint as time barred.