■ THEODOROS SOTIRAKIS, Respondent, v UNITED SERVICES AUTOMOBILE ASSOCIATION, Appellant. — In an action to recover damages for breach of a policy of insurance, defendant appeals from an order of the Supreme Court, Queens County (Durante, J.), dated July 25, 1983, which denied its motion to dismiss the action pursuant to CPLR 3211 (subd [a], par 4) upon the ground that another action was pending between the parties on the same cause of action and granted plaintiff's cross motion to strike its fourth and fifth affirmative defenses. ¶ Order affirmed, with costs. ¶ The dismissal of plaintiff's prior action pursuant to CPLR 3012 (subd [b]) did not constitute a dismissal on the merits and thus plaintiff is entitled to institute a second action based on the same facts for identical relief (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3012:13, p 591). Moreover, since plaintiff instituted the second action prior to the expiration of the applicable Statute of Limitations, the question of whether plaintiff was precluded from obtaining the benefit of the six-month extension period provided for in CPLR 205 (subd [a]) is irrelevant (cf. *Wright v Farlin,* 42 AD2d 141; *Fisher v Tier Oil Co.,* 75 Misc 2d 162). ¶ Finally, Special Term acted properly in denying that part of defendant's motion seeking to dismiss plaintiff's complaint pursuant to CPLR 3211 (subd [a], par 4). In view of the fact that a complaint has never been served in the prior action, it did not constitute a prior pending action for the purposes of that section (*Louis R. Shapiro, Inc. v Milspemes Corp.,* 20 AD2d 857; see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:14, p 20). Thompson, J. P., O'Connor, Weinstein and Lawrence, JJ., concur.