■ BENICIA ANILLO, Appellant, v LUIS B. RODRIGUEZ et al., Respondents.—Order, Supreme Court, New York County (Edith Miller, J.), entered July 31, 1987, which denied plaintiff's motion to compel the defendants to answer a summons and complaint or, in the alternative, to vacate the dismissal of the action, unanimously reversed, on the law and the facts, and the plaintiff's motion to compel the defendants to answer the summons and complaint granted, without costs.

Plaintiff sues for injuries allegedly suffered when, on February 10, 1984, she was driving a motor vehicle which was struck in the rear. On or about May 20, 1985, plaintiff's prior attorneys commenced an action by the service of a summons. On September 5, 1985 defendants' attorney filed a notice of appearance and demand for a complaint. On July 7, 1986

defendants' motion to dismiss the action for failure to serve a complaint was granted on default. A settled order was filed on September 22, 1986 and served on plaintiff's first attorney on December 2, 1986. This dismissal was not on the merits. *(Sotirakis v United Servs. Auto. Assn.,* 100 AD2d 931 [2d Dept 1984].)

The motion to dismiss for failure to serve a complaint had been served only upon plaintiff's first attorney. The second attorney, who brought the motion now being reviewed, had not been formally substituted. That attorney caused a new summons and complaint to be served on the defendants on November 14 and 25, 1986. The defendants returned the summons and complaint on December 30, 1986, stating that the dismissal of the action was on the merits. It is clear that the dismissal was not on the merits *(see, Sotirakis v United Servs. Auto. Assn., supra)* and that the new action was begun well within the three-year Statute of Limitations. Concur—Sandler, J. P., Sullivan, Kassal, Rosenberger and Smith, JJ.