■ DAVID SAMUELS, Appellant, v HERBERT ROSENBERG, Respondent.—In an action, *inter alia,* to recover damages for fraud and conspiracy, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Burrows, J.), entered February 20, 1990, which, upon granting the defendant's motion, dismissed the complaint.

Ordered that the order and judgment is reversed, on the law, without costs or disbursements, the defendant's motion is denied, and the complaint is reinstated.

On or about May 9, 1989, the plaintiff David Samuels commenced a *pro se* action against the defendant by serving him with a summons without a complaint. On May 24, 1989, the defendant responded by serving a notice of appearance and a demand for a complaint. When no complaint was served, on June 26, 1989, the defendant moved to dismiss the action. Thereafter, the plaintiff served a complaint, but did not serve an affidavit of merit and proffered no reasonable excuse for the failure to timely serve a complaint. By order and judgment entered September 8, 1989, the Supreme Court, Westchester County (Burrows, J.), granted the defendant's motion and dismissed the complaint.

On October 9, 1989, the plaintiff served a new summons with a complaint. The defendant moved to dismiss the action. By order and judgment (one paper) entered February 20, 1990, the Supreme Court dismissed this second action, which had been brought within the period of the Statute of Limitations, based upon the principle of res judicata. This was error. As noted in the Practice Commentary to CPLR 3012 (b): "The dismissal of an action for non-service of a complaint under CPLR 3012 (b) is obviously not on the merits and, if it were possible to commence a new action, it could not be met with the defense of res judicata. Also, if the original statute of limitations applicable to the claim were still alive, a new action could be timely commenced after [a CPLR 3012 (b)] dismissal" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3012:13, at 591 [1974]; *see, Sotirakis v United Servs. Auto. Assn.,* 100 AD2d 931).

We have considered the plaintiff's remaining contention regarding alleged bias on the part of the Supreme Court Justice, and find it to be utterly without merit. Mangano, P. J., Lawrence, Rosenblatt and Copertino, JJ., concur.