*732 In an action to recover damages for breach of contract, the defendants appeal from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated October 17, 2007, as directed a hearing to determine the validity of service of process on the defendant Scott Unger to aid in the disposition of that branch of their motion which was to dismiss the complaint insofar as asserted against that defendant pursuant to CPLR 3211 (a) (8), and denied that branch of their motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (5) on the ground that it was barred by the doctrine of res judicata.
Ordered that on the Court’s own motion, the defendants’ notice of appeal from so much of the order as directed a hearing is treated as an application for leave to appeal from that portion of the order and leave to appeal is granted (see CPLR 5701 [c]); and it is further,
Ordered that the order is modified, on the law, by deleting the provision thereof directing a hearing to determine the validity of service of process on the defendant Scott Unger and substituting therefor a provision granting that branch of the defendants’ motion which was to dismiss the complaint insofar as asserted against the defendant Scott Unger pursuant to CPLR 3211 (a) (8) for lack of personal jurisdiction; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The two affidavits of the process server establish that, although he attempted to effect personal service on the defendant Scott Unger at his home on three different occasions, all were on weekdays and between the hours of 9 a.m. and 6 p.m., times when it would be expected that Unger would be either working or commuting to or from work. Additionally, the process server’s statement as to any attempts he made to ascertain the place of employment of Unger were, at best, conclusory and ambiguous, and insufficient to show that the necessary inquiry was made. Thus, as a matter of law, the affidavits were insufficient to show the existence of even a factual question as to whether the process server exercised the due diligence necessary to be permitted to serve someone under CPLR 308 (4). Therefore, the Supreme Court should not have directed a hearing to determine the validity of service of process on Unger, but rather, should have found the proof of the required due diligence to be insufficient as a matter of law. Accordingly, that branch of the defendants’ motion which was to dismiss the complaint insofar as asserted against Unger pursuant to CPLR 3211 (a) (8) for lack of personal jurisdiction should have been granted (see *733 Samuels v Rosenberg, 178 AD2d 639 [1991]; Joseph T. Ryerson & Son v Piffath, 132 AD2d 527 [1987]; Sotirakis v United Servs. Auto. Assn., 100 AD2d 931 [1984]).
The defendants’ remaining contentions are without merit. Florio, J.E, Angiolillo, McCarthy and Chambers, JJ., concur. [See 2007 NY Slip Op 33467(U).]