Westchester Community Coll. v Bekoe (2025 NY Slip Op 50937(U))

[*1]

Westchester Community Coll. v Bekoe

2025 NY Slip Op 50937(U)

Decided on June 9, 2025

Supreme Court, Westchester County

Jamieson, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 9, 2025
Supreme Court, Westchester County

Westchester Community College, Plaintiff,

against
Jonathan Bekoe, Defendant.

Index No. 70545/2024

Tromberg, Morris et al.
Attorneys for Plaintiff
39 Broadway, Suite 1250
New York, NY 10006
Jonathan Bekoe, Jr.

Linda S. Jamieson, J.

The following papers numbered 1 to 2 were read on this motion:
Papers              
Numbered
Order to Show Cause and Affirmation 1
Affirmation and Exhibits in Opposition 2
Defendant brings his motion seeking to vacate the approximately $4,500 judgment entered against him on default on December 18, 2024. He asserts that he "received the court papers too late." According to the affidavit of service, he was purportedly served by "nail and mail" service. This section requires that a process server first attempt personal service with "due diligence" before resorting to "nail and mail" service. The Second Department "has repeatedly emphasized that the due diligence requirement of CPLR 308(4) must be strictly observed, given the reduced likelihood that a summons served pursuant to that section will be received. What constitutes due diligence is determined on a case-by-case basis, focusing not on the quantity of the attempts at personal delivery, but on their quality." McSorley v. Spear, 50 AD3d 652, 653, 854 N.Y.S.2d 759, 760—61 (2d Dept. 2008). 
A review of the affidavit of service shows that only three attempts were made to serve defendant: on a Friday at 12:39 p.m.; a Wednesday at 6:02 p.m.; and a Thursday at 9:52 a.m. "A mere showing of several attempts at service at either a defendant's residence or place of business may not satisfy the due diligence requirement before resort to nail and mail service. However, due diligence may be satisfied with a few visits on different occasions and at different [*2]times to the defendant's residence or place of business when the defendant could reasonably be expected to be found at such location at those times. For the purpose of satisfying the due diligence requirement of CPLR 308(4), it must be shown that the process server made genuine inquiries about the defendant's whereabouts and place of employment." Est. of Waterman v. Jones, 46 AD3d 63, 66, 843 N.Y.S.2d 462, 464—65 (2d Dept. 2007). Plaintiff made no such showing here. All that the process server says about ascertaining defendant's workplace is that "I was unable to determine place of employment." He does not state was efforts he made.
As the Second Department has explained, service is not effectuated when all of the attempts are on "on weekdays and between the hours of 9 A.M. and 6 P.M., times when it would be expected that [defendant] would be either working or commuting to or from work. Additionally, the process server's statement as to any attempts he made to ascertain the place of employment of [defendant] were, at best, conclusory and ambiguous, and insufficient to show that the necessary inquiry was made." Leviton v. Unger, 56 AD3d 731, 732, 868 N.Y.S.2d 126, 127 (2d Dept. 2008).
Accordingly, the Court vacates the Judgment against defendant. Since service was invalid, defendant need not fulfill the requirements of CPLR § 5015(a). However, the Court notes that defendant states that he was charged out-of-state tuition when he was an in-state student, such that the charges are overinflated. He does state that he is willing to pay the actual charges, to which plaintiff does not respond.
Plaintiff shall serve a copy of this Decision and Order on defendant by overnight mail within three business days of receipt. Plaintiff shall also take all steps necessary to vacate the Judgment because defendant is pro se.
The foregoing constitutes the decision and order of the Court.
Dated: June 9, 2025
White Plains, New York
HON. LINDA S. JAMIESON
Justice of the Supreme Court