Deeton v Ruckus 85 Corp. (2025 NY Slip Op 06249)

Deeton v Ruckus 85 Corp.

2025 NY Slip Op 06249

Decided on November 13, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 13, 2025

Before: Kern, J.P., Friedman, Kapnick, Shulman, Hagler, JJ. 

Index No. 656500/23|Appeal No. 5158|Case No. 2024-06016|

[*1]Yvette Georges Deeton, Plaintiff-Appellant,
v
Ruckus 85 Corp., et al., Defendants-Respondents.

Law Office of Robert E. Sokolski, Syosset (Robert E. Sokolski of counsel), for appellant.
Smith Gambrell & Russell, LLP, New York (Daniel S. Goldstein of counsel), for Ruckus 85 Corp., respondent.
Platte, Klarsfeld & Levine, LLP, New York (Jeffrey H. Klarsfeld of counsel), for Rabin Walker, LLC, respondent.

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered August 22, 2024, which, to the extent appealed from as limited by the briefs, granted defendant Ruckus 85 Owners Corp.'s motion under CPLR 3211(a)(5) to dismiss the first, second, fourth, and sixth causes of action for declaratory and injunctive relief, conversion, and unjust enrichment, and granted defendant Rabin Walker, LLC's motion under CPLR 3211(a)(1) and (7) to dismiss the first, second, and sixth causes of action against it, unanimously modified, on the law, to deny defendant Ruckus 85 Owners Corp.'s motion with respect to the first cause of action for a declaratory judgment to the extent it relates to plaintiff's damages consistent with this order, the fourth cause of action for conversion, and the sixth cause of action for unjust enrichment, and otherwise affirmed, without costs.
Plaintiff was not collaterally estopped from pursuing her claims in the instant action relating to the allegedly improper termination of her proprietary lease by her cooperative apartment corporation, defendant Ruckus 85 Owners Corp. It is well settled that "dismissal of an action for non-service of a complaint under CPLR 3012(b) is obviously not on the merits and, if it were possible to commence a new action, it could not be met with the defense of res judicata" (Samuels v Rosenberg, 178 AD2d 639, 640 [2d Dept 1991], citing Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B CPLR C3012:13, at 591 [1974]). Nor does the denial of a provisional remedy constitute a decision on the merits for the purposes of collateral estoppel (see e.g. Coinmach Corp. v Fordham Hill Owners Corp., 3 AD3d 312, 314 [1st Dept 2004]; Huguenot LLC v Megalith Capital Group Find I, LP, 191AD3d 530, 530 [1st Dept 2021]).
Supreme Court should have sustained plaintiff's claims against the cooperative to the extent they relate to her damages for its allegedly improper termination of her proprietary lease, which include that part of her first cause of action for a declaratory judgment against the cooperative for a declaration of the amount of arrears owed and whether the cooperative's conduct comported with the proprietary lease and bylaws. Because the fourth and sixth causes of action for conversion and unjust enrichment against the cooperative were dismissed solely on the basis of collateral estoppel, those claims should be addressed on the merits as well.
The court properly dismissed the second cause of action for injunctive relief seeking to unwind the sale. In Atlas MF Mezzanine Borrower, LLC v Macquarie Tex. Loan Holder LLC, this Court found that "if UCC sales could be unwound, it would only serve to muddy the waters surrounding nonjudicial sales conducted pursuant to article 9 of the UCC" (174 AD3d 150, 152 [1st Dept 2019]). The UCC also calls for this same conclusion. Where the third-party purchaser acts in good faith, it takes the collateral "free of the rights and interests . . . even if the secured party fails to comply with this article or the requirements of any judicial proceeding" (UCC 9-617[b]). Therefore, the court correctly determined that the sale cannot be unwound. As the court further reasoned, however, to the extent plaintiff can establish that she was improperly prevented from exercising her right of redemption or the sale suffered other irregularities in violation of the UCC, she may have a claim for damages "in the amount of any loss caused by a failure to comply with [article 9]" (Atlas MF Mezzanine Borrower, 174 AD3d at 162-163; UCC 9-625 [b]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 13, 2025