In the Matter of the Estate of FRED N. STAGE, Deceased.

Surrogate's Court, Broome County, May 4, 1945.

*Donald W. Fuller* for Eleanor Pilkington, as administratrix, petitioner.

PAGE, S. This is a proceeding for the judicial settlement of the account of an administratrix, in conjunction with which application was made for sale of a parcel of real property of which the deceased died seized. Pursuant to the provisions of the applicable sections included within article 13 of the Surrogate's Court Act, the parcel of real property in question has been duly sold and conveyed by the administratrix to one R. D. Chandler, purchaser thereof. The order of this court confirming this conveyance has been duly made and entered herein. At the date of death of the decedent, Fred N. Stage, the property in question, consisting of a dwelling and lot known and designated as Lot No. 19 Woodlawn Gardens in the town of Union, Broome County, N. Y., was occupied by one of the daughters of said deceased. The name of this daughter was Margaret La Vasser and she is, of course, one of the distributees of her father, said Fred N. Stage. She has continued in the occupancy of said premises up to the present time. She was duly cited and made a party to the present proceeding. One of the attorneys for the administratrix, on or about the 20th day of April, 1945, called upon said Margaret La Vasser at the said premises. Finding her at home there, he exhibited to her the original deed of conveyance by the administratrix to the purchaser, R. D. Chandler, together with the order of this court confirming the same, and demanded of her that she forthwith, or within the reasonable time of not exceeding five days, remove from said premises and surrender the possession thereof to the purchaser. This she refuses to do and still remains in possession of and occupies the premises. The question here presented is as to (1) the power of this court to effectuate its

own order herein and (2), if the court has such power, the procedure pursuant to which it may be exercised.

Proceedings under article 13 of the Surrogate's Court Act are of very frequent occurrence. In enacting article 13 of the Surrogate's Court Act, it seems rather remarkable that the Legislature did not, in any section contained in this article, establish some form of statutory procedure for carrying into effect sales or leases of real property under its provisions. It would seem that the Legislature might well consider some appropriate, and as simplified as practicable, remedy for this apparent oversight.

A commentary even more strange than the want of any statutory provision for dispossessing a trespasser, holdover tenant, former co-owner or squatter under such circumstances as are presented in this case is the apparently total lack of any reported case involving the question here presented. This is particularly remarkable in view of the very great number of proceedings for the disposition of real property which are constantly being carried on in the various surrogates' courts of the State. It would seem that some difficulty in obtaining possession would be as likely to have arisen and been solved in these proceedings as in other forms of judicial sales, foreclosure and partition actions, etc., in which this situation is fairly frequent.

As to the power of the court to effectuate its own order in a situation of this kind, I believe this can be regarded as an incidental equitable power. Section 40 of the Surrogate's Court Act, among other things, provides that the court shall have power: '' To administer justice in all matters relating to the affairs of decedents, and upon the return of any process to try and determine all questions, legal or equitable, arising between any or all of the parties to any proceeding,  *  *  *  as to any and all matters necessary to be determined in order to make a full equitable and complete disposition of the matter by such order or decree as justice requires.''

A case somewhat analogous to the instant case was *Matter of Burstein* (153 Misc. 515). In this case Surrogate WINGATE in Kings County dealt with a situation where a distributee, a tenant in common with other distributees, apparently in possession of real property of the estate before decedent's death, continued his occupancy during the administration until his right to continue to do so was challenged by the administratrix. The administratrix asserted the right, in her representative capacity, to take charge of the real property and to collect

the rents thereof during the period of administration. In upholding the right of the administratrix, the court based his determination on the enlarged scope in administration of estates since 1930 whereby real property is, so far as practicable, treated as personal property for purposes of administration and distribution. In the *Burstein* case (*supra*) the court found no specific statutory basis for the relief prayed for by the administratrix, but determined there was ample power resident in the court to take care of the situation under the above-quoted provision of section 40 of the Surrogate's Court Act.

In relation to the appropriate procedure for granting relief in the instant case, the *Burstein* case (*supra*) also suggests a method which, in my opinion, would be applicable. In the *Burstein* case (*supra*) the court granted an order, directing the respondent forthwith to remove from the premises and prohibiting him from in any manner interfering with the possession, control and management of said premises by the administratrix. In the instant case a similar order would be appropriate but, undoubtedly, would result in undue hardship and delay. If it should not be instantly obeyed by the codistributee of the estate in possession of the real property in question, we would be quite likely to become involved in the necessity of determining collateral questions as to contempt of court, etc. While an order similar to the one allowed in the *Burstein* case (*supra*) would obviate the rather incongruous result of confessing the helplessness of this court and suggesting to the administratrix, or grantee, that either one or both of them must be relegated to a court of general jurisdiction, suggesting an action in ejectment, it would still be a cumbersome procedure.

It is, therefore, of some importance to consider whether or not it lies within the power of this court itself, not only to take care of the situation presented, but also to do so in a more expeditious and efficacious manner.

Section 316 of the Surrogate's Court Act provides: " Except where a contrary intent is expressed in, or plainly implied from the context of *this act,* a provision of law or of rules, applicable to practice or procedure in the supreme court, applies to surrogates' courts and to the proceedings therein, so far as they can be applied to the substance and subject matter of a proceeding without regard to its form."

The apparent legislative intent in connection with the enactment of section 316 of the Surrogate's Court Act would seem to be that, as could readily be anticipated, situations would arise,

particularly in relation to procedural questions, where the Surrogate's Court Act itself would lack specific provisions. In the absence of a contrary intent apparent from some provision in the Surrogate's Court Act, recourse may be had to the more extensive practice provisions contained in the Civil Practice Act and Rules of Civil Practice of the Supreme Court. The only further qualification contemplated by section 316 is that any such practice provision in the Civil Practice Act must be capable of being applied to the substance and subject matter of the proceeding in Surrogate's Court. There are various forms of action in Supreme Court, not only involving title to and disposition of interests in real property, but also contemplating an appropriate procedure for rendering possession to the party determined to be entitled thereto. Such a provision is section 985 of the Civil Practice Act. The provisions of this section are: " § 985. *When and how court may compel delivery of possession of real property to purchaser.* Where a judgment in an action affecting the title to, or the possession, enjoyment or use of real property allots to any person a distinct parcel of real property, or contains a direction for the sale of real property, or confirms such an allotment or sale, it also may direct the delivery of the possession of the property to the person entitled thereto, except in a case where it is expressly prescribed by statute that the judgment may be enforced by execution. If a party, or his representative or successor, who is bound by the judgment, withholds possession from the person thus declared to be entitled thereto, the court, by order, in its discretion, besides punishing the disobedience as a contempt, may require the sheriff to put that person into possession. Such an order must be executed as if it was an execution for the delivery of the possession of the property."

I hold that it is proper and appropriate in the present situation to proceed under the authority of section 985 of the Civil Practice Act to all intents and purposes the same as if it were, with appropriate modification of such terms as " judgment " and " action " to " decree " and " proceeding ", etc., a practice provision expressly contained in article 13 of the Surrogate's Court Act.

Submit proposed order accordingly.