■ MATTHEW JAFFE, Respondent, v. 717–19 SOUTHERN BOULEVARD, INC., Appellant.— Judgment of foreclosure reversed, on the law and on the facts, and a new trial granted, with $50 costs to abide the event. The question involved is whether the instrument sought to be foreclosed is a mortgage. (*Kommel* v. *Herb-Gner Constr. Co.*, 256 N. Y. 333, 337.) Defendant-appellant alleges it received no part of the principal sum of the indebtedness alleged to be secured by the instrument sought to be foreclosed. Plaintiff delivered to his attorney two checks totaling $4,500 payable to "Finkel and Nadler, attys." Plaintiff's attorney allegedly referred John S. Abramowitz to Finkel and Nadler. The said checks were never delivered to or availed of by defendant-appellant; they were returned to plaintiff shortly after they were issued. The balance of the indebtdness recited in the instrument represents the total of promissory notes with interest made by J. S. Abramowitz Co., Inc., and indorsed by John S. Abramowitz. Within two months after the date of the instrument plaintiff filed a proof of claim grounded on said promissory notes with the assignee for the benefit of creditors of J. S. Abramowitz, Co., Inc. The proof of claim affirms that J. S. Abramowitz Co., Inc., is indebted to the plaintiff by reason of said notes; it does not state that the defendant-appellant is either the owner or guarantor of said notes. On this record we are of the opinion that plaintiff failed to sustain by the preponderance of the evidence that the said promissory notes were purchased or guaranteed by defendant-appellant or that it agreed to purchase the notes. Moreover, it appears that the acknowledgment of the instrument sought to be foreclosed was taken before an interested person (see Real Property Actions and Proceedings Law, § 301) and defendant-appellant should have been allowed to introduce evidence of all the circumstances under which the instrument allegedly was executed. Accordingly, in the interests of justice we are of the opinion that a new trial should be granted. Concur — McNally, Stevens and Steuer, JJ.; Breitel, J. P., and Valente, J., dissent in the following memorandum by Valente, J.: The judgment should be affirmed. It is undisputed that prior to February 24, 1964, plaintiff had loaned to J. S. Abramowitz Company, Inc. (hereinafter "Abramowitz Company") $13,958.18 evidenced by a series of notes of that corporation which were indorsed by John Abramowitz. Moreover, John Abramowitz and his brother, Abraham, were the sole officers, directors and stockholders of the Abramowitz Company. That company was in financial difficulty in February, 1964, and on February 27 made a general assignment for the benefit of creditors. There was a conflict in the testimony as to whether plaintiff knew of that assignment when the parties met on February 28, 1964 at plaintiff's office at which time the mortgage in suit was executed. Defendant-appellant was the owner of premises 717–19 Southern Boulevard, Bronx, New York, where the Abramowitz Company conducted a tinsmith supply business. The evidence established that John Abramowitz and his brother, Abraham, were the officers, directors and stockholders of defendant corporation. It was further proved that at the meeting of February 28, defendant agreed to execute its mortgage note and mortgage; and plaintiff was to assign and transfer the promissory

notes of the Abramowitz Company to defendant and to make available $4,500 in addition to the Abramowitz Company. However, the $4,500 checks issued by plaintiff were never used. Two significant aspects of the trial must be noted. Primarily, both sides were singularly hesitant in making full disclosure about the circumstances under which the parties decided to arrive at their new arrangement regarding the notes of Abramowitz Company. It serves no useful purpose to surmise the cause of such diffidence. Secondly, the defendant claimed that the mortgage and note were void because the Abramowitz brothers had signed the instruments in blank and the body of each instrument was filled in afterwards. The experienced Trial Justice properly rejected that claim as "a fantastic and unbelievable story". Thus, the record demonstrates that the mortgage was supported by ample consideration and was properly executed. Defendant corporation was controlled by the same persons who owned the Abramowitz Company. John Abramowitz, who indorsed the notes given to plaintiff, was an officer, director and stockholder of both corporations. For whatever reasons the parties may have had, there was a proper contractual basis for defendant to give its mortgage for a transfer of the notes of the Abramowitz Company. The fact that plaintiff filed a claim in the assignment for the benefit of creditors proceedings involving the Abramowitz Company is not inconsistent with the sale of the notes to defendant. Plaintiff was acting for the defendant to protect any of its rights to any distribution in the assignment proceedings, in order to reduce the indebtedness. Consequently, I dissent and would sustain the judgment permitting a foreclosure of the mortgage.