OPINION OF THE COURT
Millard L. Midonick, J.
In this proceeding instituted by a preliminary executor to discover alleged estate assets, the respondents presently seek partial summary judgment dismissing the second through sixth claims for relief contained in the petition. Each of the challenged claims relates to parcels of real property located outside this State and the respondents allege that this court lacks jurisdiction to adjudicate any issue of title to the foreign realty. In addition, the respondents also claim that certain other actions have been instituted in each of the jurisdictions where the properties are located so that the challenged claims should be dismissed as duplicative thereof. The petitioner contests the merits of the respondent’s motion and further cross-moves for an order fixing the time for immediate discovery to be had.
*819 In the petition herein, the preliminary executor states that the decedent died in August, 1981 while in her late seventies. During the decedent’s last few years, the respondents allegedly insinuated themselves into the decedent’s friendship and trust and came to influence her to transfer to themselves large amounts' of money, works of art and deeds to parcels of real property located in California and Pennsylvania.
Under the first claim in the petition, the preliminary executor seeks to discover and compel delivery of all personal property which the respondents may have obtained from the decedent. The second claim addresses itself to the recovery of the California and Pennsylvania properties transferred due to respondent’s exercise of an undue influence upon the decedent. Similarly, claims three and four seek the return of the real estate parcels pursuant to RPAPL article 15 and in the exercise of this court’s equitable powers. The petitioner’s fifth claim asks that a constructive trust be imposed as to all personal and real property that had been the decedent’s and might now be in the respondent’s possession. Finally, the sixth and seventh claims ask for injunctive relief and that the respondents be made to account for any rents and profits received from any of the decedent’s assets in issue. These proceedings were instituted in August, 1981 upon the service of the respondents with copies of petitions and orders to show cause. Thereafter the related foreign State proceedings were commenced on September 1, 1981 in Pennsylvania and on November 4, 1981 in California.
With regard to the respondents’jurisdictional objections, it is certainly well established that the jurisdiction of the Surrogate’s Court extends to all matters concerning the affairs of a decedent (NY Const, art VI, § 12; SCPA 201). This jurisdiction encompasses the power to determine a decedent’s interest in any property claimed to constitute part of the gross estate and the rights of any persons claiming interests therein, as well as the ability to construe any instruments made by the decedent affecting such property (SCPA 209, subd 4). Often, the title of persons to real property is decided in this court in the context of a variety of proceedings including proceedings for the discov *820 cry of assets (Matter of Rungo, 74 Misc 2d 239; Matter of Hall, 54 Misc 2d 923). Furthermore, this court’s jurisdiction does not necessarily cease if the real property said to be the decedent’s is located outside this State. When, as in this case, it is alleged the respondents wrongfully obtained the property from the decedent and this court has obtained jurisdiction of the necessary parties, this court can make a binding decree against the respondents concerning their holding of the real property (Chase v Knickerbocker Phosphate Co., 32 App Div 400). For these very reasons, the respondents’ motion is without merit and is accordingly denied.
As concerns the respondents’ motion for dismissal of claims as being duplicative of actions pending in other jurisdictions, it must initially be noted that these proceedings were instituted prior in time to the other State litigations. This fact indicates that the proceedings in this forum should be continued and if any actions at all are to be stayed or dismissed such, perhaps, should be the subsequently commenced proceedings (see Izquierdo v Cities Serv. Oil Co., 47 Misc 2d 1087). Furthermore, these proceedings encompass all possible claims which the petitioner may have against the respondents and not just a few as presented in the other State litigations. These proceedings therefore would have to continue even if every claim challenged on this present motion were dismissed; and fragmentation of the fiduciaries’ claims should not be encouraged. (Matter of Raymond v Davis, 248 NY 67.)
In view of the above, sufficient reason exists to permit the continued active prosecution of all the fiduciaries’ claims in this court. Whatever may occur in the other State litigations is beyond this court’s power to control but the respondents’ motion is denied.
As concerns the petitioner’s cross motion for an order scheduling immediate discovery of the respondents, the motion is granted to the extent that dates for the examinations of the respondents shall be fixed in the order to be settled herein.