opinion of the court
Richard H. Farley, J.
Petitioner has moved for an order removing respondents from premises owned by the decedent located in the Borough of Staten Island, New York, hereinafter referred to as “premises.” Decedent died a domiciliary of Delaware County on December 13, 1981. Her will was admitted to probate and petitioner was appointed executrix and trustee under the will by decree of this court dated January 25, 1982. Article 2 of said will reads in part: “I direct my trustee [petitioner] to sell my residence, the real property known as 139 Howton Avenue, Staten Island, New York 10308 and to combine the net proceeds from the sale of said real property with my other residuary assets. I direct my trustee to divide my estate into two equal shares and to pay out one share to my beloved son [respondent] John C. McDonald himself and to hold the other share for the benefit of my beloved daughter [respondent] Frances McCormack and to pay over the sum of three thousand six hundred ($3,600.00) dollars annually to her during *183 her lifetime until her share is exhausted. At the sole discretion of my trustee, additional sums may be paid to my beloved daughter [respondent] Frances McCormack, from her share”.
Petitioner alleges that respondents have refused to vacate the premises although so requested by him on several occasions in order that the premises be sold pursuant to the above provisions of the will. Respondents allege that they resided with decedent at the premises since March, 1964 and paid rent both to decedent during her lifetime and since her death to petitioner for their use of the premises. Respondents also contend that subject matter jurisdiction does not lie with this court pursuant to its limited jurisdiction and express provisions of RPAPL 701.
The sole issues are (1) whether the Surrogate’s Court may exercise subject matter jurisdiction to remove a tenant from premises which a decedent has directed be sold through the provisions of her will and (2) if so, whether that power should be exercised in this case.
Although a court of limited jurisdiction, the Surrogate’s Court has been granted broad powers by the New York State Constitution and by statute over all actions and proceedings relating to the affairs of decedents. (NY Const, art VI, §§ 7, 12; SCPA 201, 202.) The intent of the drafters of the State’s legal framework was to concentrate jurisdiction of matters relating to the affairs of decedents in one forum. (Matter of Raymond v Davis, 248 NY 67; SCPA 206.) This jurisdiction extends to the administration of trusts whether of real or personal property. (SCPA 1501.) After a will has been admitted to probate, all subsequent matters relating to any trust created therein are subject to the jurisdiction of the Surrogate’s Court admitting the will. (Matter of Vanneck, 158 Misc 704.)
In an earlier case, a statutory distributee was ordered removed from premises owned by decedent under the general equitable jurisdiction of section 40 of the former Surrogate’s Court Act, predecessor to SCPA 201 and 209, which was held to grant the Surrogate’s Court jurisdiction to place a fiduciary in possession of an asset of the estate. (Matter of Burstein, 153 Misc 515.) In a similar case after *184 real property of a decedent was sold by her administratrix and confirmed by order of the Surrogate, it was held that the Surrogate’s Court could further order removal of the decedent’s daughter from the property pursuant to the provisions of former section 985 of the Civil Practice Act (now RPAPL 221) as applied by section 316 of the Surrogate’s Court Act (SCPA 102, 501). (Matter of Stage, 184 Misc 885.) More recently, it has been noted that it has been the trend of the Surrogate’s Court to exercise its jurisdiction to the broadest extent. (Matter of Vanderbilt, 109 Misc 2d 914, 919.) In Matter of Piccione (85 AD2d 604), it was held that pursuant to the provisions of SCPA 202 the Surrogate’s Court could exercise jurisdiction in ahy proceeding, even a holdover eviction proceeding, if it related to the affairs of a decedent.
In this case the will directs petitioner as trustee under the will to sell the premises and combine the proceeds in trust with other residuary assets. This is a matter of testamentary intent relating to the affairs of a decedent under the regular supervision of the Surrogate’s Court. To deny the Surrogate’s Court power to remove persons from premises when that action is necessary to complete the testamentary direction of a decedent would result in an emasculation of the court’s acknowledged powers and a needless bifurcation of the court system where simplicity and clarity should reign. Continued possession of the premises by the respondents will only hamper the sale of the premises to any party desiring immediate possession or wary of possible litigation.
In this proceeding, moreover, the premises may be deemed personal property of the estate upon a theory of equitable conversion. (Matter of Caldwell, 188 NY 115; Matter of McGraw, 111 NY 66.) A court of equity looks upon that which a testator has directed to be done as actually done. In this case the real property is treated as if the decedent himself had sold it and bequeathed the consideration to the beneficiary named in the will. (7B Warren’s Heaton, Surrogates’ Courts, § 81, par 1, cl [d], citing Kane v Gott, 24 Wend 641.) It is undisputed that this court has subject matter jurisdiction over proceedings to recover *185 the personal assets of the decedent within the State. (SCPA 201, 202, 1501; EPTL 11-1.1, subd [b], par [5].)
Motion of petitioners is, therefore, granted. Respondents shall be directed to vacate the premises within 60 days from the date of filing of the order.