■ JUDITH A. MAURER, as Executrix of AUSTIN J. BROWN-RIGG, Deceased, Respondent, v JOHNS-MANVILLE, INC., Defendant, and AMERICAN STANDARD, INC., Appellant.—In an action to recover damages for personal injuries and for wrongful death, the defendant American Standard, Inc. (hereinafter Standard) appeals from so much of an order of the Supreme Court, Kings County (I. Aronin, J.), dated December 16, 1985,

as, *inter alia,* denied its cross motion to dismiss the complaint as against it.

Ordered that the order is affirmed, insofar as appealed from, with costs.

The decedent Austin J. Brownrigg initially commenced this action for personal injuries against the defendant Standard, claiming that he was injured by the inhalation of asbestos. Special Term granted the motion of the decedent's daughter, Judith Ann Maurer, to be substituted as the plaintiff in place and stead of her father in her capacity as the executrix of his estate and to amend the original complaint to include a cause of action for her father's alleged wrongful death. Special Term denied Standard's cross motion to dismiss the complaint as against it, rejecting Standard's argument that the Surrogate's Court, Kings County, did not have the power to declare Maurer the executrix of her father's estate and probate his will since he was a domiciliary of Florida at the time of his death.

Pursuant to SCPA 204, when the jurisdiction of a court is called into question in a collateral proceeding, the jurisdiction is presumptively, and in the absence of fraud or collusion, conclusively established by an allegation of the jurisdictional facts contained in a verified pleading. Contrary to Standard's assertion, there were no fraudulent statements in the petition. While the petition alleged that the decedent was a domiciliary of Kings County, it also indicated that decedent had died in a Florida nursing home. In addition, annexed to the petition were papers intended to inform the Surrogate of the decedent's connection with Florida. Thus, the Surrogate was supplied with all of the relevant facts, and in the absence of fraud, the defendant has no standing in a collateral proceeding to have the determination overturned *(see,* SCPA 204; *Stolz v New York Cent. R. R. Co.,* 7 NY2d 269; *Bolton v Schriever,* 135 NY 65).

Standard's alternative argument for dismissal of the action is equally unavailing. The proposed amended complaint sets out a sufficient cause of action for wrongful death *(see, Chong v New York City Tr. Auth.,* 83 AD2d 546, 547; *see also, Meroni v Holy Spirit Assn. for Unification of World Christianity,* 119 AD2d 200, 206-207). In any event, Standard advances arguments more appropriately considered on a motion for summary judgment. If this is indeed what Standard was seeking, its cross motion was premature as issue had not yet been joined (CPLR 3212 [a]).

Finally, Special Term properly retained jurisdiction over the action to recover damages for personal injury and wrongful death, as the instant lawsuit involves independent matters involving controversies between living persons and not matters affecting the estate of the decedent *(see, Matter of Lainez,* 79 AD2d 78, *affd* 55 NY2d 657; SCPA 201). Thompson, J. P., Brown, Eiber and Kunzeman, JJ., concur.