OPINION OF THE COURT
C. Raymond Radican, J.
In this discovery proceeding (SCPA 2103), respondent’s motion for dismissal is based on the allegation that all the information relating to his ownership of the real property in Belle Harbor was previously furnished to the former attorney for the estate. The gist of respondent’s claim is that the deed to the property was given to him by the decedent during her lifetime as a gift.
According to the respondent, on August 12, 1977, his *441 mother delivered to him the deed to a residence known as 241 Beach 130th Street, Belle Harbor, New York, which he had been occupying. The deed, however, was not recorded until February 25, 1981, and the respondent, as a notary public, took his mother’s acknowledgement of the deed. The decedent died over five years later on April 13, 1986.
Petitioner asserts the acknowledgement of the deed is a nullity because taken by a person interested in the conveyance as a grantee (RPAPL 301 [2]). Petitioner additionally contends the deed is not entitled to any presumption of due execution, and that this proceeding is necessary to examine into the circumstances surrounding the delivery and execution of the deed.
The taking of an acknowledgement to a deed upon the oath of a person interested in the conveyance constitutes a violation of RPAPL 301 (2). The consequences which the statute attaches to such conduct is the exclusion of the conveyance from being received in evidence until its execution is established by other competent proof (RPAPL 301 [2]; Jaffe v 717-19 S. Blvd,., 24 AD2d 440). Since the validity of the deed is dependent upon proof of all the circumstances under which the instrument was executed (cf. Jaffe v 717-19 S. Blvd., supra), the petition must be deemed to state a viable cause and be free from dismissal as a matter of law unless it is not entertainable. The real issue that has not been raised is whether a proceeding under SCPA 2103 may be entertained to recover real property.
The question is a recurring one. The early cases involved an interpretation of the provisions of the various statutes that preceded SCPA 2103. These cases (see, e.g., Matter of Tuitt, 17 Misc 2d 915; Matter of Pucci, 14 Misc 2d 75; Matter of Cofer, 121 Misc 292) concluded the statute — which spoke in unqualified terms of the recovery of "money or other personal property” — meant what it said, and foreclosed its use to entertain a petition to recover or determine title to real property. The language of the statute, said the Court of Appeals, discloses that: "[I]t was not the intention of the Legislature that all estate claims were to be adjusted by way of a discovery proceeding” (Matter of Trevor, 309 NY 389, 392). Consequently, the Surrogate’s Court lacked specific authority to adjudicate ownership of real property either in a discovery proceeding or any independent proceeding (see, Matter of Sturmer, 277 App Div 503, 510, revd on other grounds 303 NY 98) brought for that purpose (Matter of Birnbaum, 10 Misc 2d *442 82). Its power to determine title to realty was limited to those instances where such issue arose collaterally or incidentally in the context of another proceeding (Matter of Poth, 155 Misc 116). Under those circumstances, the court, in order to do full justice between the parties, could hear and determine all questions, legal and equitable (Matter of Rungo, 74 Misc 2d 239; Matter of Hall, 54 Misc 2d 923).
Recognition must be taken of the fact that jurisdiction of the Surrogate’s Court was restricted to that conferred by the Legislature until 1962 (see, Matter of Piccione, 57 NY2d 278, 287). In that year, the State Constitution was amended to provide "The surrogate’s court shall have jurisdiction over all actions and proceedings relating to the affairs of decedents, probate of wills, administration of estates and actions and proceedings arising thereunder or pertaining thereto”. (NY Const, art VI, § 12 [d].)
Under this broad constitutional mandate, the need for specific statutory authorization to entertain a particular proceeding involving the affairs of a decedent or the administration of an estate no longer exists (Matter of Piccione, supra, at p 288). Today the emphasis has shifted, and it must appear, if the Surrogate is to decline jurisdiction, that the matter in controversy in no way affects the affairs of a decedent or the administration of his estate (Matter of Young, 80 Misc 2d 937, 939; see also, Matter of Goldstein, 79 Misc 2d 4). In short, the Surrogate’s Court must shoulder its constitutionally imposed responsibility. Viewed from this prospective, the more recent cases have afforded litigants complete relief in one forum (Matter of Finkle, 90 Misc 2d 550, 553, affd 59 AD2d 862; Matter of Breitman, 114 Misc 2d 248; Matter of McDonald, 114 Misc 2d 182) including the determination of title to real property (Matter of Carr, 113 Misc 2d 818).
The proceeding at hand presents a controversy over the ownership of real property which affects the decedent’s estate because the house is claimed to be an asset thereof. The dispute, therefore, falls squarely within the parameters of this court’s enumerated constitutional powers.
The remaining issue is whether the proceeding should be entertained within the context of a discovery proceeding under SCPA 2103 inasmuch as that statute is still couched in language limiting its use to the recovery of "money or other personal property”. This circumstance was not found a deterrent to the employment of the statute in Matter of Carr *443 (supra) but the old rule of construction even after Matter of Piccione (57 NY2d 278, supra), continues to be recognized (McGinty v Laurino, 95 AD2d 847, cf. with Matter of Sherburne, 129 Misc 2d 56, 57). For the purpose of this decision, it need only be noted that the court’s retention of jurisdiction is not dependent on the label attached to the petition. The proceedings enumerated in the Surrogate’s Court Procedure Act are not deemed exclusive and the court is empowered in any proceeding, whether or not specifically provided for, to exercise any of the jurisdiction granted to it by that act or other provision of law (SCPA 202). This court, accordingly, retains jurisdiction of the proceeding pursuant to SCPA 201 and 202. To do otherwise would be a tacit indorsement of the delay and extra expense attendant to shunting litigants between courts or giving preference to form over the substance of a petition.
The motion to dismiss is denied, and respondent is directed to serve an answer within 10 days from the date of service on him of a copy of the order to be entered.