*413 OPINION OF THE COURT
Marie M. Lambert, S.
In this discovery proceeding the executor of the estate has moved for an order pursuant to CPLR 6301 permanently enjoining the respondent surviving spouse from seeking or otherwise disposing of any of the artwork which is the subject of this proceeding; from removing any of the artwork from its present California location; and from commencing or continuing any litigation against the executor of the estate of Lionel R. Bauman in any court other than this court. The executor further seeks a determination that this court retain jurisdiction to determine the ownership of the artwork allegedly owned by the decedent and located in California which is the subject of a subsequent action commenced by respondent in California. Palm Springs Desert Museum, a legatee of certain artwork under decedent’s will, has filed papers in support of the executor’s motion. By cross motion, respondent seeks an order enjoining the executor and Palm Springs Desert Museum from removing any artwork from her California home and from continuing the underlying proceeding pending the determination by a California court as to ownership of 69 pieces of artwork which she alleges are not part of decedent’s estate and are owned by her.
The decedent, Lionel R. Bauman, died on February 27, 1987 leaving a last will and testament whereby he bequeathed the bulk of his artwork to the Palm Springs Desert Museum. On September 10, 1987, the respondent filed a notice of election in this court seeking to exercise her rights as surviving spouse against the estate. Thereafter, the Bauman Family Foundation, Inc., the residuary beneficiary under the will, instituted a proceeding in this court challenging respondent’s right of election by virtue of a premarital agreement executed June 30, 1982 between the respondent and the decedent. This proceeding is presently pending in this court.
On January 26, 1988, the executor instituted the present discovery proceeding pursuant to SCPA 2103 seeking the return of alleged estate property, including 69 pieces of artwork, located in California. The executor further sought authorization to deliver all artwork received, title to which is in dispute, to a bonded warehouse pending determination of the issue of title thereto. Subsequent to the commencement of this discovery proceeding, respondent commenced a proceeding in the Superior Court of California on February 4, 1988 seeking *414 a declaration as to the ownership of 69 pieces of artwork. On February 26, 1988, the return date of the citation in the discovery proceeding, this court issued a restraining order that prohibited respondent from transferring or disposing of any of the artwork and from proceeding with the California action pending a determination by this court as to which court shall decide the issue of whether the artwork was a gift to respondent by the decedent.
It is well established that the jurisdiction of the Surrogate’s Court extends to all matters concerning the affairs of the decedent (NY Const, art VI, § 12; SCPA 201). This power includes the ability to determine decedent’s interest in property alleged to be part of the gross estate as well as the rights of those claiming an interest in the property (SCPA 209 [4]). Questions as to ownership of assets alleged to be part of decedent’s estate frequently arise in the context of proceedings for the discovery of assets and are decided in this court even in situations where the property, real or personal, is located in another jurisdiction (Matter of Carr, 113 Misc 2d 818). Respondent’s argument that this court has no interest in the issue of title to the artwork, because it involves two California claimants and because the artwork will remain in California regardless of the court’s determination, is without merit. Respondent enumerates many reasons for proceeding in a California forum rather than in this court, including the fact that the art is located in California, the art was purchased and allegedly gifted in California, the documents purporting to give the artwork as well as witnesses to those documents are in California, and that California law is applicable to the determination of ownership of the artwork. Despite the respondent’s contentions, this court clearly has jurisdiction to determine title to the artwork in question, and if appropriate, this court is capable of applying California law to the issues involved. It should be noted that not only were these proceedings instituted prior in time to the California action, the executor resides in New York, the will was probated in New York, decedent was a New York domiciliary and Palm Springs Desert Museum, a legatee entitled to the artwork should the respondent not prevail, concurs that this court is the appropriate forum. Respondent also previously filed a notice of right of election in this court and title to the artwork may be relevant to computation of the elective share (EPTL 5-1.1 [b] [1] [A]).
These facts indicate that if any action should be stayed in *415 order to avoid duplicative litigation it is the subsequently commenced proceeding (Estate of Nelson, NYLJ, Oct. 26, 1987, at 17, col 2; Matter of Carr, supra; see also, Izquierdo v Cities Serv. Oil Co., 47 Misc 2d 1087). These proceedings include additional claims to the property allegedly belonging to the estate which the California proceeding does not address. Consequently, to permit respondent to proceed in another forum would only encourage fragmentation of the executor’s claims (Matter of Raymond v Davis, 248 NY 67). The law is well settled that it is an abuse of discretion for a court to entertain jurisdiction where another action is pending between identical parties especially a proceeding which encompasses all issues (Latham & Co. v Mayflower Indus., 278 App Div 90), as does the New York proceeding brought by the executor.
It is true that only in extraordinary cases will the court enjoin a party from proceeding in another State due to the rule of comity which forbids the granting of an injunction to stay proceedings which have been commenced in a foreign court with proper jurisdiction (Matter of Herman, 69 Misc 2d 405; Arpels v Arpels, 8 NY2d 339; Latham & Co. v Mayflower Indus., supra; see also, Estate of Bayer, NYLJ, Mar. 24, 1988, at 30, col 4). However, where it can be shown that the foreign suit was instituted in bad faith or for harassment purposes, or if a fraud or gross wrong will be perpetrated on the foreign court (Arpels v Arpels, supra), an injunction will be granted restraining the party from proceeding in the foreign court (McKendry v McKendry, 280 App Div 440; Paramount Pictures v Blumenthal, 256 App Div 756, appeal dismissed 281 NY 682).
It appears to the court that the California proceeding could not possibly have been brought by respondent in good faith. Respondent was aware of the pending New York proceeding when she instituted a proceeding in the California court and in this connection respondent did not disclose to the California court the fact that a proceeding was already pending in this court concerning the same issue and involving the same parties. On the other hand, there has been no showing that the New York proceeding was brought in bad faith or to harass the respondent, indeed she previously filed a notice of right of election in this court, and there has been no showing that a fraud is about to be perpetrated on this court. In any event, this court has inherent power to issue a restraining order to insure the advancement of the proceeding before it (Estate of Bayer, supra).
*416 New York is clearly an appropriate jurisdiction to hear and determine the issues. In light thereof, the court determines it has sufficient power to adjudicate the respective rights of the parties and a date shall be set for a hearing on the issues presently before the court after completion of pretrial discovery proceedings. The stay is continued until further order of this court.