■ In the Matter of the Estate of DOROTHY H. McCONVILLE, Also Known as DOROTHY R. HAVEMEYER, Deceased. GENE M. PRANZO, as Executor, Appellant; ANNE SVOBODA, Respondent. [639 NYS2d 345]

As found by the Surrogate, the resolution of the issue as to whether the royalty interest in oil located in Texas should be considered real property, and thus governed by Texas law, or personalty, and thus governed by New York law, requires resort to the law of Texas, inasmuch as it is the local law of the jurisdiction in which the land is situated which determines whether the property may be considered real or personal (EPTL 3-5.1 [i]).

The Surrogate erred, however, when she found that the royalty interests herein constituted personalty rather than realty under Texas law. As stated by the Texas Civil Appeals Court in *Sheppard v Stanolind Oil & Gas Co.* (125 SW2d 643, 647): "*Oil in place is a part of the land.* It constitutes real estate. When it is severed from the soil, the land itself is taken (wasted) to that extent, and the corpus of the estate in the land is to that extent depleted. Consequently anything which the lessor receives, in whatever form, in consideration for the oil taken or to be taken from the land, constitutes a part of the purchase price of the title to the oil, and therefore of the land." (Emphasis added; *accord, N.M. Uranium v Moser,* 587 SW2d 809; *Matter of Jenney,* 193 Misc 162; *Matter of Haldeman,* 208 Misc 419.)

Accordingly, the executor is entitled to file an amended account allowing for the application of Texas law, with the concomitant 27.5% allocation of royalties to principal during the term of the trust. Further, the executor's calculation of commissions may be adjusted to allow for the application of Texas law to the royalties received as payment for real property. Concur—Sullivan, J. P., Wallach, Kupferman, Nardelli and Tom, JJ.