[667 NYS2d 768]

In the Matter of the Estate of MICHAEL P. WALLACE, Deceased. MARY K. WALLACE, Respondent; DANIEL V. KEATING, as Rensselaer County Sheriff, et al., Appellants.

Third Department, January 15, 1998

APPEARANCES OF COUNSEL

*Ainsworth, Sullivan, Tracy, Knauf, Warner & Ruslander,* Albany *(Rebecca A. Slezak* of counsel), for appellants.

*J. Paul Troue,* Troy, for respondent.

## OPINION OF THE COURT

MERCURE, J.

On this appeal, the only issue that need be determined is whether Surrogate's Court has subject matter jurisdiction over an application by the administrator of a decedent's estate for preaction disclosure to aid in bringing a wrongful death action. We respond in the negative and therefore reverse the order of Surrogate's Court denying respondents' motion to stay disclosure.

It is well settled that Surrogate's Court is a court of limited subject matter jurisdiction and may only entertain those proceedings and exercise those powers conferred upon it by statute (*see, Matter of Stortecky v Mazzone,* 85 NY2d 518, 524; *Matter of Garofalo,* 141 AD2d 899, 900). SCPA 201 sets forth the basic statutory grant of subject matter jurisdiction to Surrogate's Court (*see,* Siegel and Connors, Practice Commentaries, McKinney's Cons Laws of NY, Book 58A, SCPA 201, at 49), providing that the court shall "exercise full and complete general jurisdiction in law and in equity to administer justice in all *matters relating to estates and the affairs of decedents*" (SCPA 201 [3] [emphasis supplied]; *see, Matter of Stortecky v Mazzone, supra*). In matters properly relating to the exercise of that jurisdiction, Surrogate's Court may utilize CPLR procedures and devices and may exercise all powers that Supreme Court would have in exercising like jurisdiction, including incidental powers essential to carrying out express statutory powers (*see,* SCPA 209 [10]).

Thus, the inquiry turns to the question of whether an action for wrongful death is a "matter[ ] relating to estates and the affairs of decedents" within the purview of SCPA 201 (3). We think that it is not. Wrongful death actions, although commenced by the administrator of a decedent's estate, are based not upon damage suffered by the decedent's estate, but rather upon the pecuniary loss suffered by the decedent's distributees (*see,* EPTL 5-4.4; *Liff v Schildkrout,* 49 NY2d 622, 632). Wrongful death claims therefore entail "matters involving controversies between living persons and not matters affecting the estate of the decedent" (*Maurer v Johns-Mansville, Inc.,* 126 AD2d

524, 526). Under the circumstances, there can be little question that Surrogate's Court lacks subject matter jurisdiction to entertain wrongful death claims (*see, id.*, at 526; *Matter of Corning*, 108 AD2d 96, 102, *appeals dismissed* 66 NY2d 695; *Matter of Lainez*, 79 AD2d 78, 80, *affd* 55 NY2d 657). Lacking jurisdiction over the underlying action, it necessarily follows that Surrogate's Court lacked the authority to grant the incidental relief sought by petitioner (*see*, Siegel and Connors, Practice Commentaries, McKinney's Cons Laws of NY, Book 58A, SCPA 202, at 114-116). Under the circumstances, Surrogate's Court should have transferred the matter to Supreme Court (*see*, NY Const, art VI, § 19 [d]). We shall do so.

MIKOLL, J. P., CREW III, YESAWICH JR. and PETERS, JJ., concur.

Ordered that the order entered December 13, 1996 is reversed, on the law, without costs, and matter transferred to the Supreme Court for determination.

Ordered that the appeal from the order entered March 3, 1997 is dismissed, as academic, without costs.