■ In the Matter of the Estate of CLIFFORD MESSAROS, Deceased. BEATRICE C. MESSAROS, Respondent; CLIFFORD MESSAROS, JR., et al., Appellants. [692 NYS2d 90] —In a proceeding against a fiduciary pursuant to SCPA 2102 to compel payment of rental income to the petitioner, and a cross petition for the construction of a will, the appeal is from so much of an order of the Surrogate's Court, Suffolk County (Prudenti, S.), dated March 12, 1998, as directed that certain payments be made to the petitioner from the gross rental income received from real property situated in New Jersey and devised to Clifford Messaros, Jr., Michael C. Messaros, and Regina Pippidis.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, the balance of the order is vacated, and the proceeding is dismissed.

Clifford Messaros (hereinafter the decedent) died on September 16, 1995, domiciled in Suffolk County. He was survived by his wife, the petitioner Beatrice C. Messaros (hereinafter the petitioner) and three adult children, Clifford Messaros, Jr., Michael C. Messaros, and Regina Pippidis (hereinafter the children). The petitioner and Clifford Messaros, Jr., are co-

executors of the decedent's estate. In Article Third of the decedent's Last Will and Testament, the decedent devised two parcels of real property located in Wyckoff, New Jersey, to the children as tenants-in-common. Article Third further provided, in relevant part: "My wife, BEATRICE C. MESSAROS, during the term of her life, she having survived me, shall receive seventy percent (70%) of the net income from this property, or a minimum of $45,000.00 per annum, to be paid in convenient quarterly or other installments".

A dispute has arisen between the petitioner and children as to the meaning and application of Article Third, specifically, as to whether or not payments to the petitioner are limited to the net income of the subject parcels of real properties, taking into account the properties' expenses. The dispositive issue on this appeal, however, is not the manner in which the income is to be distributed but whether income produced from the properties is itself considered to be real property or personal property. If it is considered real property, the matter of such income and the devise under which it should be distributed must be decided by a court where the real properties are located, in this case, in New Jersey. If, on the other hand, the income is personal property, then the Surrogate's Court of this State has the jurisdiction to construe Article Third of the decedent's Will and determine the manner in which income is to be distributed (*see,* EPTL 3-5.1 [b] [1], [2]).

Whether an estate in land is real property and governed by EPTL 3-5.1 (b) (1), or is personal property and governed by EPTL 3-5.1 (b) (2), depends upon its characterization by the law of the jurisdiction where the real property is situated (*see,* EPTL 3-5.1 [i]; *Matter of McClure,* 21 Misc 2d 470; *Matter of Haldeman,* 208 Misc 419). Therefore, as the subject parcels of real property are located in New Jersey, that issue must be determined by the application of New Jersey law (*see,* EPTL 3-5.1 [i]; *Matter of McConville,* 225 AD2d 455). Based on New Jersey law, the gift of income to the petitioner "is tantamount to a devise of the land itself" and as such, it is considered real property (*Paltz v Camden Safe Deposit & Trust Co.,* 109 NJ Eq 344, 157 A 456; *Passman v Guarantee Trust & Safe-Deposit Co.,* 57 NJ Eq 273, 41 A 953). As real property, the issue of the income and how it is to be distributed is a matter to be adjudicated before the New Jersey courts, and thus the Surrogate's Court here did not have subject matter jurisdiction.

The Surrogate's Court accepted jurisdiction based upon a stipulation between the parties to submit the matter to it. However, where "a court lacks subject matter jurisdiction, the

parties may not confer it on the court" (*Morrison v Budget Rent A Car Sys.,* 230 AD2d 253, 260; CPLR 3211 [e]). A "judgment or order issued without subject matter jurisdiction is void'" and as such, the order of the Surrogate's Court herein is void (*see, Morrison v Budget Rent A Car Sys., supra,* at 260; *Editorial Photocolor Archives v Granger Collection,* 61 NY2d 517, 523). Therefore, the order must be reversed insofar as appealed from, the portions of the order which were not appealed from must be vacated, and the proceeding must be dismissed. Bracken, J. P., S. Miller, Thompson and Sullivan, JJ., concur.