OPINION OF THE COURT
Eve Preminger, S.
Decedent, a member of the New York City Police Department, died in the September 11th attacks on the World Trade Center. His union, the Patrolman’s Benevolent Association (PBA), had previously established a not-for-profit corporation, the PBA Widows’ and Children’s Fund, Inc., “for the purpose of voluntarily aiding and assisting such widows or widowers and family survivors of Police Officers who lose their lives in the line of duty” as its Board of Directors deems worthy or *459 otherwise in need of assistance. After the September 11th attacks, the PBA Fund collected millions of dollars in donations.
Decedent’s mother, as administrator of his estate, brings this discovery proceeding pursuant to SCPA 2103 to inquire as to the PBA’s handling of the funds collected after September 11th. Petitioner contends that the PBA Fund has sent out a series of three checks, the first and second of which were sent to the surviving families of each of the 23 members of the police force lost in the attacks. The third check, petitioner claims, was sent to some, but not all of those same 23 families. Petitioner seeks some explanation of “why some families got them and others [like decedent’s family] did not.”
Petitioner further contends that the PBA Fund’s outreach efforts and solicitation of donations after September 11th was misleading. The PBA, according to petitioner, “received donations by saying the money was going to the families, as if it was being distributed to the estates of the deceased, but then made distributions on some other formula it will not reveal.” Petitioner also claims that the PBA’s current Web site is deceptive because September 11th families will not necessarily receive the donations the site encourages. Although petitioner does support widespread distribution to anyone who is a “member of the Fund whether their loss was September 11 connected or not,” she asks that there also be an accounting of September 11th donations received and an explanation of the methodology employed in disbursing the funds, especially with regard to the third check. The PBA has refused petitioner’s informal inquiries seeking this information. The Charities Bureau of the New York Attorney General’s office, which oversees charitable corporations, affirms that it has audited the PBA Fund’s solicitation and allocation of September 11th monies and found that allocation reasonable.
The PBA, joined by the Attorney General, who, under statute (EPTL 8-1.1 [f]) is authorized to represent charitable beneficiaries, moves to dismiss the discovery petition and vacate the order to attend an examination issued to the PBA. They move principally on the ground that this court has no subject matter jurisdiction over this dispute (see NY Const, art IV, § 12; SCPA 201). Although movants claim petitioner also has no standing to bring this proceeding, and this issue is the subject of some dispute (see Alco Gravure v Knapp Found., 64 NY2d 458; Smithers v St. Luke’s-Roosevelt Hosp. Ctr., 281 AD2d 127), the court does not reach this question.
Regarding subject matter jurisdiction, petitioner does not contest respondents’ statement that the PBA Fund is forbidden *460 from making payments to a decedent’s estate and the monies it distributes are given directly to the surviving members of a deceased police officer’s family. In light of this fact, the interests of the persons petitioner seeks to protect are akin to claimants in a wrongful death action. The case law is clear that this court lacks jurisdiction to hear such an action (Matter of Wallace, 239 AD2d 14; Maurer v Johns-Manville, Inc., 126 AD2d 524; Koppleman v Citibank, N.A., NYLJ, Jan. 20, 1994, at 24, col 6 [Sup Ct]).
In Wallace, the Appellate Division concluded that this court had no subject matter jurisdiction over an application by the administrator of a decedent’s estate for preaction disclosure to aid in the bringing of a wrongful death action. In the Wallace Court’s view, wrongful death actions “are based not upon damage suffered by the decedent’s estate, but rather upon the pecuniary loss suffered by the decedent’s distributees” {id. at 15 [citations omitted]). Wallace concluded that wrongful death claims involve controversies between living persons and were “not matters affecting the estate of the decedent” {id. [internal quotations marks and citations omitted]). Also, as in Wallace, what is sought here is discovery, not a turnover of funds or damages. This court is thus constrained by the decision in Matter of Wallace {supra) to dismiss for lack of subject matter jurisdiction.
Accordingly, respondents’ motion to dismiss the petition to compel discovery of property and vacate the order to attend an inquiry pursuant to SCPA 2103 is granted.