OPINION OF THE COURT
Diane A. Lebedeff, J.
*723 The petitioners request that the court sign an order to show cause, based upon an underlying petition for preaction discovery (CPLR 3102 [c]).
The petition asserts that petitioners contemplate bringing an action sounding in assault, battery and false arrest. It requests an order directing that the respondent hospital produce surveillance videotapes taken at a time when one or both petitioners were arrested, and also “all arrest records and any record or material that would be considered Rosario material.” The latter phrase appears to refer to the production of exculpatory material under principles enunciated in People v Rosario (9 NY2d 286 [1961]), and suggests that the criminal proceedings may not yet be concluded.
In relation to the petition for preaction discovery, it is well established that courts of limited jurisdiction do not have jurisdiction to hear all such requests. For example, in Matter of Wallace (239 AD2d 14 [3d Dept 1998]), it was held that Surrogate’s Court had no jurisdiction over an application by an administrator for preaction disclosure to aid in bringing a future wrongful death action. The Appellate Division, Third Department, explained:
“Surrogate’s Court lacks subject matter jurisdiction to entertain wrongful death claims . . . [I]t necessarily follows that Surrogate’s Court lacked the authority to grant the incidental relief [of preaction discovery] sought by petitioner (see, Siegel and Connors, Practice Commentaries, McKinney’s Cons Laws of NY, Book 58A, SCPA 202, at 114-116). Under the circumstances, Surrogate’s Court should have transferred the matter to Supreme Court (see, NY Const, art VI, § 19 [d]).” (239 AD2d at 16 [citations omitted].)
This Third Department case has been recognized as indicating that a petition for preaction discovery may only be brought in a court which has subject matter jurisdiction over the claim later to be asserted (Robert A. Barker, Disclosure Before an Action: Warsaw Convention, NYU, July 20, 1998, at 3, col 1).
This distinction is particularly important in relation to the Civil Court of the City of New York because, if there is no contemplated future litigation in this court, such a petition stands as an isolated request for an injunctive order compelling the turnover of desired material. Absent any basis to view the request as related to discovery in a case to be commenced in *724 this forum, the Civil Court lacks the power to issue injunctive relief (NY Const, art VI, § 15 [b]; European-American Banking Corp. v Chock Full O’Nuts Corp., 109 Misc 2d 615, 620 [App Term, 1st Dept 1981] [“the Civil Court has clearly circumscribed and limited equitable powers”]; Sterling Natl. Bank v Kings Manor Estates, LLC, 9 Misc 3d 1116[A], 2005 NY Slip Op 51604[U], *7 [Civ Ct, NY County 2005, Lebedeff, J.] [collecting cases]). On the other hand, if there is an expressed intention stated to commence the future action in this court of limited jurisdiction, then the CPLR disclosure provisions — including a petition for preaction discovery under CPLR 3102 (c) — would be properly presented to the Civil Court (CCA 1101 [a] [“The procedures set forth in the CPLR relative to disclosure . . . shall govern in this court”]).
Nothing in this petition indicates that the Civil Court will have subject matter jurisdiction over this matter and, accordingly, the court declines to sign the order to show cause. Should petitioners desire to do so, they may submit amended papers for consideration stating that the case would be commenced in Civil Court or petitioners may request the transfer of this matter to Supreme Court, albeit the latter process might well involve delays (Sterling Natl. Bank v Kings Manor Estates, LLC, 9 Misc 3d 1116[A], 2005 NY Slip Op 51604[U], *8). If either step is taken, petitioners’ counsel is asked to clarify whether criminal charges remain pending and advise whether service of a copy of the petition upon the New York County District Attorney’s Office would be appropriate.