In a proceeding, denominated as one pursuant to SCPA 207, to direct Laura O’Connell to turn over certain proceeds of a Totten trust to the named beneficiaries, Laura O’Connell appeals from an order of the Surrogate’s Court, Kings County (Lopez Torres, S.), dated April 12, 2011, which granted the motion of the petitioner, Dolores Brock, for summary judgment and directed Laura O’Connell to pay the principal sum of $149,826.55 to the named beneficiaries of the Totten trust.
Ordered that the order is reversed, on the law, with costs payable personally by the petitioner, and the proceeding is dismissed for lack of subject matter jurisdiction.
George O’Connell (hereinafter the decedent) established a Totten trust, naming his daughter, Dolores Brock, and two granddaughters as beneficiaries. The decedent died on March 14, 2010. Three days prior to the decedent’s death, the decedent’s wife, Laura O’Connell (hereinafter O’Connell), withdrew the proceeds of the Totten trust, in the sum of $149,826.55. O’Connell utilized a 2003 power of attorney to effectuate the withdrawal.
Brock commenced this proceeding in the Surrogate’s Court for a “judicial determination” that the proceeds of the Totten trust had been “wrongfully converted” by O’Connell and to direct that O’Connell return that money to the Totten trust’s *674 “rightful beneficiaries.” Brock denominated the instant petition as one made “pursuant to SCPA section 207.” Brock then moved for summary judgment, arguing that O’Connell breached the fiduciary duty created by the power of attorney and was motivated by self-dealing in withdrawing the balance of the Totten trust for her own use. The Surrogate’s Court granted Brock’s motion and directed O’Connell to pay the principal sum of $149,826.55 to the named beneficiaries of the Totten trust. O’Connell appeals, and we reverse.
The Surrogate’s Court is a court of limited subject matter jurisdiction and possesses only those powers conferred upon it by statute (see Matter of Wallace, 239 AD2d 14, 15 [1998]; Matter of Lainez, 79 AD2d 78, 80 [1981], affd 55 NY2d 657 [1981]; see also SCPA 201). While the jurisdiction of the Surrogate’s Court is broad where the controversy relates to the affairs of decedents or the proceeding pertains to the administration of an estate (see Matter of Piccione, 57 NY2d 278, 288 [1982]; Wagenstein v Shwarts, 82 AD3d 628, 630 [2011]; Matter of Denton, 6 AD3d 531, 532 [2004]), the Surrogate’s Court’s limited subject matter jurisdiction does not extend “ ‘to independent matters involving controversies between living persons’ ” (Matter of Deans, 68 AD3d 767, 768 [2009], quoting Matter of Lainez, 79 AD2d at 80; see Matter of Weinstock, 283 AD2d 510, 511 [2001]; Matter of Wallace, 239 AD2d at 15).
Here, the matter in controversy, relating to the alleged wrongful conversion by O’Connell of certain proceeds contained in the Totten trust, in no way affects the affairs of the decedent or the administration of his estate. Instead, it relates to the “independent matters involving controversies between living persons” (Matter of Lainez, 79 AD2d at 80). The focus of the litigation is whether O’Connell properly terminated the Totten trust and kept the money for her own use. The Totten trust was terminated prior to the decedent’s death. The petition does not assert that the decedent’s estate is entitled to any portion thereof. Instead, in the instant proceeding, Brock seeks the return of the money to the beneficiaries, and not to the decedent’s estate.
Moreover, although the petition expressly states that it is one “pursuant to SCPA section 207,” SCPA 207 confers jurisdiction upon the Surrogate’s Court “over the estate of any lifetime trust” (SCPA 207 [1]). A “lifetime trust” is defined as “[a]n express trust, including all amendments thereto, created during the grantor’s lifetime other than ... a trust created in deposits in any banking institution or savings and loan institution” (SCPA 103 [31] [emphasis added]). The subject revocable savings account trust, commonly known as a Totten trust (see Mat *675 ter of Totten, 179 NY 112 [1904]), is, thus, excluded from the aforementioned definition of a “lifetime trust.”
Under these circumstances, the Surrogate’s Court lacked subject matter jurisdiction. “ ‘A judgment or order issued without subject matter jurisdiction is void, and that defect maybe raised at any time and may not be waived’ ” (Matter of MHS Venture Mgt. Corp. v Utilisave, LLC, 63 AD3d 840, 841 [2009], quoting Editorial Photocolor Archives v Granger Collection, 61 NY2d 517, 523 [1984]). As such, the order of the Surrogate’s Court herein is void (see Matter of Messaros, 262 AD2d 322, 324 [1999]). Accordingly, the order must be reversed and the proceeding dismissed. Rivera, J.P., Eng, Roman and Sgroi, JJ., concur.