In a probate proceeding in which Michael Parisi, executor of the estate of Marie Parisi, petitioned for the judicial settlement of his account, the objectant Camille Parisi appeals from so much of an order of the Surrogate’s Court, Queens County (Kelly, S.), dated December 22, 2011, as denied those branches of her motion which were for summary judgment on her amended objections numbered 5, 6, 8, and 25, and directed the dismissal of amended objection numbered 5 for lack of subject matter jurisdiction, and, upon searching the record, awarded summary judgment to the petitioner dismissing amended objections numbered 8 and 25, and the petitioner cross-appeals, as limited by his brief, from so much of the same order as denied his cross motion, in effect, for summary judgment dismissing *942 amended objection numbered 5 on the merits, and made a finding of fact with respect to amended objection numbered 6 that the decedent did not make an inter vivos gift of her share of the proceeds of the satisfaction of a certain mortgage to her husband, Joseph S. Parisi.
Ordered that the cross appeal from that portion of the order which made a finding of fact with respect to amended objection numbered 6, is dismissed, without costs or disbursements; and it is further,
Ordered that the order is modified, on the law, by (1) deleting the provision thereof searching the record and awarding summary judgment to the petitioner dismissing amended objections numbered 8 and 25, and (2) deleting the provision thereof directing the dismissal of amended objection numbered 5, for lack of subject matter jurisdiction, and substituting therefor a provision granting the petitioner’s cross motion, in effect, for summary judgment dismissing amended objection numbered 5, on the merits; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
Upon the death of Marie Parisi (hereinafter the decedent), pursuant to her will and codicil, her husband, Joseph S. Parisi, was appointed executor of her estate. Joseph S. Parisi thereafter filed an accounting with the Surrogate’s Court, and petitioned for judicial settlement of the accounting. Upon Joseph S. Parisi’s death, his son, Michael Parisi (hereinafter the petitioner), was substituted as the petitioner.
The decedent’s daughter, Camille Parisi (hereinafter the objectant), filed objections and amended objections to the accounting. The objections at issue on this appeal are amended objections numbered 5, 6, 8, and 25. In amended objection numbered 5, the objectant claimed that the petitioner failed to include in his accounting the decedent’s one-half interest in a certain promissory note dated March 15, 1982, in the principal amount of $12 million, which was secured by real property in New Jersey. In amended objection numbered 6, the objectant claimed that the petitioner failed to account for the decedent’s 50% share of the proceeds of the satisfaction of a certain mortgage dated February 2, 1983, which was received by Joseph S. Parisi, and which the petitioner claimed was an inter vivos gift. In amended objections numbered 8 and 25, the objectant sought to set aside the December 31, 1998, sale by Joseph S. Parisi of 200 shares of stock in White Birch Farms, Inc., to the petitioner.
The objectant moved for summary judgment, inter alia, on those amended objections, and the petitioner cross-moved, in ef *943 feet, for summary judgment dismissing amended objection numbered 5, on the merits. The Surrogate’s Court denied those branches of the objectant’s motion which were for summary judgment on those amended objections, directed the dismissal of amended objection numbered 5 for lack of subject matter jurisdiction, and, upon searching the record, awarded summary judgment to the petitioner dismissing amended objections numbered 8 and 25. With respect to amended objection numbered 6, the Surrogate’s Court found that the decedent did not make an inter vivos gift of her share of the proceeds of the satisfaction of the mortgage, but concluded that the objectant was not entitled to summary judgment on that objection because there was an issue of fact as to whether Joseph S. Parisi still had possession of those proceeds at the time of the decedent’s death (see Matter of Parisi, 34 Misc 3d 1204[A], 2011 NY Slip Op 52429[U] [2011]).
The cross appeal from that portion of the order which made a finding of fact with respect to amended objection numbered 6 must be dismissed, on the ground that a finding of fact is not independently appealable (see AAA Vascular Care, PLLC v Integrated Healthcare Mgt, LLC, 99 AD3d 642 [2012]).
The Surrogate’s Court properly denied that branch of the objectant’s motion which was for summary judgment on amended objections numbered 8 and 25. The objectant failed to establish that Joseph S. Parisi’s sale to the petitioner of 200 shares of White Birch Farms, Inc., should be set aside as self-dealing pursuant to the “no further inquiry” rule (Matter of Rothko, 43 NY2d 305, 318 [1977]). Under that per se rule, the court is generally required, upon challenge by a beneficiary, to set aside a transfer of property, held in trust by a fiduciary, to the fiduciary himself or an entity in which he or she has an interest (see City Bank Farmers Trust Co. v Cannon, 291 NY 125, 132 [1943]; Wendt v Fischer, 243 NY 439, 443-444 [1926]; Munson v Syracuse, Geneva & Corning R.R. Co., 103 NY 58, 73-74 [1886]), or to the fiduciary’s spouse (see Birnhaum v Birnbaum, 73 NY2d 461, 466 [1989]; Matter of Fulton, 253 App Div 494 [1938]). However, those circumstances were not presented here, and the rule does not apply merely because the fiduciary is related to the transferee (see Restatement [Second] of Trusts § 170, Comment e).
However, the Surrogate’s Court improperly searched the record and awarded summary judgment to the petitioner dismissing amended objections numbered 8 and 25. The objectant moved for summary judgment on these amended objections solely on the ground that the transaction should be set aside as *944 self-dealing under the “no further inquiry rule.” The petitioner did not cross-move for summary judgment dismissing those amended objections. In view of the limited scope of the objectant’s motion, it was not appropriate to search the record and award summary judgment to the petitioner, essentially upon arguments that were not raised (see Dunham v Hilco Constr. Co., 89 NY2d 425, 429-430 [1996]; Baron v Brown, 101 AD3d 915, 917 [2012]; Quizhpe v Luvin Constr., 70 AD3d 912, 914 [2010]).
The Surrogate’s Court properly denied that branch of the objectant’s motion which was for summary judgment on amended objection numbered 6. In opposition to the objectant’s prima facie showing of her entitlement to judgment as a matter of law, the petitioner raised a triable issue of fact as to the amount of the proceeds from the satisfaction of the mortgage which remained at the time of the decedent’s death.
The Surrogate’s Court erred in directing the dismissal of amended objection numbered 5, related to the petitioner’s failure to marshal the decedent’s one-half interest in a promissory note secured by real property located in New Jersey, on the ground that it lacked subject matter jurisdiction over that amended objection. As the Court of Appeals has explained, the “history” of the Surrogate’s Court has been “one of steadily expanding jurisdiction” (Matter of Piccione, 57 NY2d 278, 287 [1982]). While the “sole source of [its] power” was once legislative, the “legislative course [of] repeatedly enlarging] the Surrogate’s power” culminated in the 1962 amendment of the New York Constitution to give constitutional stature to the Surrogate’s authority (id.). Since 1962, the New York Constitution has included the broad mandate that “[t]he surrogate’s court shall have jurisdiction over all actions and proceedings relating to the affairs of decedents” (NY Const, art VI, § 12 [d]; see Matter of Piccione, 57 NY2d at 287; see also SCPA 201 [3]).
Relying upon this Court’s decision in Matter of Messaros (262 AD2d 322 [1999]), the Surrogate’s Court determined that it did not have subject matter jurisdiction over amended objection numbered 5 because, under EPTL 3-5.1 (i), the character of the note as either real or personal property had to be determined by New Jersey law; under New Jersey law, the note was considered real property and, pursuant to EPTL 3-5.1 (b) (1), it did not have jurisdiction to distribute real property located in another state.
EPTL 3-5.1 (b) (1) and (2) provide that the “formal validity, intrinsic validity, effect, interpretation, revocation or alteration of a testamentary disposition of real property [is] determined by *945 the law of the jurisdiction in which the land is situated” (EPTL 3-5.1 [b] [1]), while the “intrinsic validity, effect, revocation or alteration of a testamentary disposition of personal property . . . [is] determined by the law of the jurisdiction in which the decedent was domiciled at death” (EPTL 3-5.1 [b] [2]).
The plain language of these provisions requires only that certain issues relating to real property situated in another state be decided pursuant to the law of that other state, not by the courts of the other state. In other words, EPTL 3-5.1 merely sets forth choice-of-law rules (see EPTL 3-5.1). As explained in the Practice Commentaries tp EPTL 3-5.1, before that statute was enacted, the rules “relat[ed] to decedents who had changed domiciles during their lifetime . . . were fragmented and inadequate to cover the complexities in our increasingly mobile society” (Margaret Valentine Turano, Practice Commentaries, McKinney’s Cons Laws of NY, Book 17B, EPTL 3-5.1). EPTL 3-5.1, which was enacted in 1966, “gathered the scattered provisions together and expanded them into a cohesive set of choice-of-law rules for estates with connections to a jurisdiction other than New York“ (Practice Commentaries; see 5th Rep of Temp St Comm on Estates, 1996 NY Legis Doc No. 19 at 369-370). There is simply nothing in the language of EPTL 3-5.1 to suggest that, where property is determined, pursuant to EPTL 3-5.1 (i), to be real property situated in another state, the Surrogate’s Court of this state cannot apply the other state’s law to decide the issue raised with respect to the property (see Matter of McConville, 225 AD2d 455, 456 [1996]; Matter of Carr, 113 Misc 2d 818, 820 [Sur Ct, NY County 1982]; see also Matter of Bauman, 140 Misc 2d 412, 414 [Sur Ct, NY County 1988]).
Considering the plain language of EPTL 3-5.1, which refers only to the application of another state’s law, and the expansive jurisdiction granted to the Surrogate’s Court in the New York Constitution, we decline to read into that statute any restriction on that court’s subject matter jurisdiction. To the extent this Court’s decision in Matter of Messaros (262 AD2d 322 [1999]) is to the contrary, it should no longer be followed.
Considering, then, the merits of the objection, pursuant to EPTL 3-5.1 (i), the character of the note as either real or personal property must be determined by application of New Jersey law. Under New Jersey law, the note is considered an interest in real property (see Burke v Hoffman, 28 NJ 467, 475, 147 A2d 44, 49 [1958]; Chemical Bank N.J., N.A. v City of Absecon, 13 NJ Tax 1, 8-9 [1992]). Further, under New Jersey law, the decedent’s interest in the note passed from her to Joseph S. Parisi by operation of law upon her death (see NJ Stat *946 § 46:3-17.3) and, therefore, was not included in her estate. Accordingly, the petitioner’s cross motion, in effect, for summary judgment dismissing amended objection numbered 5 on the merits should have been granted.
The petitioner’s remaining contentions are without merit. Skelos, J.E, Hall, Lott and Hinds-Radix, JJ., concur.